ELIZA ROGERS v. W. W. ETTER, Ex'r, et al.

1. STATUTE OF LIMITATION. *Coverture.* Complainant's husband died November 9, 1869, and her bill was filed November 9, 1870. *Held,* that as she was under disability on the 9th November, 1869, and the law does not generally take account of fractions of a day, it will be taken that she was under disability for the whole of the day on which her husband died, and that the statute did not begin to run until the next day.
Code cited: Sections 2281, 2786.

2. SAME. *Seven Years.* The statute of seven years in favor of the estate of deceased persons, not only takes away the remedy, but extinguishes the right. And where suit was not brought on a demand for more than seven years after the death of the testator or intestate, the right of action which accrued before his death, was held barred by the statute.
Cases cited: *State* v. *Crutcher's Adm'r,* 2 Swan, 504; *Stone* v. *Sanders,* 1 Head, 250; *Williams* v. *Conrad,* 11 Hum., 418.

FROM HAWKINS.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

ROSE & HODGES and F. M. FULKERSON for complainant.

R. M. BARTON and JOHN W. YOE for defendants.

DEADERICK, J., delivered the opinion of the court.

On the 9th November, 1870, the complainant filed her bill in the Chancery Court at Rogersville, against W. W. Etter, surviving executor of George Williams, deceased, and Andrew Galbreath and W. P. M. Gamble, administrators of A. P. McCarty, dec'd, and Dicks Alexander.

The bill seeks to recover from the executor of Williams and the administrators of McCarty, a trust fund in the hands of her late brother, James M. Moore. She was a married woman, long prior to 1852, and continued under coverture until November 9th, 1869, when her husband died. In 1853, May 16th, James M. Moore executed to defendant, Dicks Alexander, then clerk and master of the Chancery Court at Rogersville, as trustee for complainant, a bond with the said Geo. Williams and A. P. McCarty as his sureties. The bond is in the penalty of $5,000, and recites that said James M. Moore was appointed and substituted by decree of said Chancery Court, at November term, 1852, in place of Cleon Moore, dec'd, trustee, for the purpose of receiving into his hands from the personal representatives of said Cleon Moore, dec'd, money supposed to amount to the sum of $2,125.07, and all such other sums as may come into the hands of said trustee for the benefit of said *feme covert,* (the complainant) and to her sole and separate use, free from the control of her husband. The bond further recites that the said court further directs that said moneys shall be securely loaned out upon interest, and the annual interest shall be from time to time applied to the necessary support of complainant and her children, but the principal sum shall not be appropriated or diminished without further order of the court.

The bill alleges "that the said trustee, James M. Moore, received said fund about — day of ——— 1853, and that his subsequent conduct in the management of said fund up to his death, was in direct, open and

palpable violation of his duties as trustee, and contrary to the terms and provisions of said decree and of said bond. The said trustee disregarded the requirements of said decree, and the obligation and condition of his said bond in this, that he did not securely loan out said fund at interest, and pay the annually accruing interest thereon to your oratrix for the support and maintenance of herself and children, as it was his duty to have done; and also in this, that he diminished and misappropriated the principal of said fund in a manner not authorized by said decree;" " that he used the said fund as his own in all respects, and speculated and traded thereon, and employed the same to his own private advantage, benefit and profit."

The bill seeks to hold the administrators of Mc-Carty and the executors of Williams, liable on said bond, as the sureties of James M. Moore, trustee, who died in 1861 insolvent, and prays for an account to ascertain the amount of said liability.

The defendants, Galbraith and Gamble, administrators of McCarty, and Etter, as executor of Williams, rely upon the statutes of limitations of two years and of seven years as a defense against the bill.

The Chancellor, in his decree, held that the statute of limitations did not apply to the case, and that complainants were liable to account for the fund in the hands of the trustee, and the interest thereon, except the interest which accrued during the lifetime of James M. Moore, upon the ground that complainant could have called upon said James M. Moore annually for the interest upon said funds, the administrators and the

executor of his sureties were relieved from liability for it.

From this decree the said executor and administrators have appealed to this court.

It further appears that George Williams died in September, 1856, and that Etter was qualified as executor at October term, 1856, of said county court.

The bill in this case was filed November 9th, 1870, about fifteen years after the death of McCarty and fourteen after the death of Williams and the qualification of said administrators and executor. With reference to the statute of two years, assuming that the cause of action accrued during complainant's coverture, and her right depended upon her having brought her suit within one year after her discoverture, we are of opinion that her bill was filed in time, unless she is precluded by the act of 1715, ch. 48, sec. 9. Code, sections 2281, 2786.

Complainant's husband died November 9th, 1869, and her bill was filed 9th November, 1870, and as she was under disability on the 9th November, 1869, and the law does not generally take account of fractions of a day, and in favor of her right to sue, it will be taken that she was under disability for the whole of the day of her husband's death. But if complainant had a right of action at the time of the qualification of the executor of Williams, and the administrators of McCarty, then she would be barred under the act of 1715: notwithstanding her disability of coverture, according to the express provisions of section 2786 of the Code, and the judicial construction of the act of 1715.

Rogers *v.* Etter.

The material question to be decided then, is, did complainant, or Dicks Alexander, to whom the bond was payable, or his successor in office, at the time of the qualification of said executor and administrators, or for more than seven years before suit brought, have a right of action against the decedents or their representatives for breaches of the conditions of said bond. If such right of action existed against said testator and intestate, it was clearly barred before the bill was filed in this case. This statute of seven years, in favor of the estate of deceased persons, not only takes away the remedy, but extinguishes the right. 2 Swan, 504; and is designed to protect heirs as well as administrators and executors. 1 Head, 250. And all persons are "creditors" under this act who have demands originating in contracts or agreements. 11 Hum., 418. And in 6 Yer., 226, it was held that the act of 1715, ch. 48, sec. 9, was a good defense to a suit for the use of the infant, against the executors of a security upon a guardian bond.

The complainant in her bill alleges that James M. Moore received said fund in 1853, and that his subsequent conduct in the management of said fund, up to the time of his death, was in direct, open and palpable violation of his duties. This we understand to mean that from 1853 to the time of his death, Moore openly and palpably violated his trust. The bill then proceeds more particularly to specify in the language of the bond, the breaches complained of. That he did not pay the interest annually accruing; that he failed to loan out said fund; that he did not preserve

the principal fund intact; but he used the same as his own in all respects and speculated and traded thereon, and that he wholly neglected to loan the same or any part thereof. These alleged breaches of the obligations of the bond, certainly gave a cause of action, which might have been instituted by either the complainant or the obligee in the bond—a cause of action existed, for the breach of the bond.

The stipulation in the bond and the direction in the decree, that "the principal sum shall not in any way be appropriated or diminished without the further order of the court," was certainly not intended to inhibit such proceedings by those having the legal or beneficial interest in said fund as were necessary to its preservation. This was intended to restrain Moore from the misapplication of the fund, but not to prevent measures for its protection, or recovery from Moore, if he disregarded his obligations. The allegations of the bill must be taken as true as against complainant, and they show that a cause of action existed against Moore before the death of Williams and McCarty, and no suit having been brought within seven years after their death and the qualification of the executor and administrators, and after such cause of action had accrued, we are of opinion that the claim against them is barred and extinguished.

The decree of the Chancellor will be reversed and the bill dismissed, and the complainant will pay the costs of this court and the chancery court.