[No. 22961. Department One. June 29, 1931.]

ORVIL M. READ, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General, Harry Ellsworth Foster, Assistant*, and *Chas. O. Flint*, for appellant.

MAIN, J.—This is an appeal by the department of labor and industries from a judgment of the superior court of Lewis county, reversing an order of the joint board of the department, which order refused to grant Orvil M. Read a rehearing upon his claim for compensation because of an injury sustained in an extrahazardous employment.

Read was employed by the Doty Lumber & Shingle Company at Doty, this state, and on September 17, 1924, suffered an accident while so employed. The injury sustained was to the right arm. No claim for compensation was presented to the department of labor and industries until January 19, 1929. That claim was rejected because not presented within one year after

[1]Reported in 1 P. (2d) 234.

the injury occurred. Section 7686, subd. (d), Rem. 1927 Sup., being Laws of 1927, p. 847, § 6, subd. (d), provides that no application shall be valid or claim enforceable under the workmen's compensation act unless "filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." No appeal was taken from the department's rejection of the claim referred to.

Subsequently, and on September 18, 1929, Read filed with the department another claim. The accident covered by the second claim was the identical accident covered by the first, and the disability for which compensation was sought was substantially the same. The attending physician's description of the disability in the first report and that contained in the second report, while not identical in language, are substantially the same.

The trial court entered judgment reversing the order of the joint board rejecting the second claim on the theory, apparently, that that was an entirely new claim for a disability not covered by the first; but with this we are not in accord. The second claim being for the same accident and for substantially the same disability as the first, and not being presented within one year from the date of the accident, it was rightly rejected by the joint board.

The judgment will be reversed and the cause remanded, with directions to the superior court to enter judgment sustaining the order of the joint board in disallowing the second claim.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.