[No. 23700. Department Two. May 9, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Don H. Evans et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Robert M. Burgunder, Arthur M. Hare*, and *David J. Williams*, for relators.

*William R. Bell* and *Marion A. Zioncheck*, for respondents.

*Thomas J. L. Kennedy, Stephen F. Chadwick, Philip Tworoger, Rex S. Roudebush, Henry W. Cramer, Fred Wettrick, Tom S. Patterson, John J. Sullivan, John T. Raftis*, and *Ewing D. Colvin, Amici Curiae.*

[1]Reported in 11 P. (2d) 229.

Main, J.—This cause is here to review a judgment of the superior court entered in a mandamus proceeding.

January 22, 1932, there was filed in the office of the comptroller of the city of Seattle a petition purporting to be signed by the requisite number of registered voters, in which it was requested that a certain charter amendment be submitted to the voters at the next general municipal election. The petition was by the city council referred to the comptroller. On the afternoon of the day following, or the 23rd, the comptroller reported to the city council.

Thereupon, an ordinance was passed covering the matter of submitting the proposed charter amendment to be voted on at the next general municipal election, which was to be held on March 8, 1932. The comptroller, on the same day, the 23rd, certified the ordinance to the election board of King county, and it was received by that board shortly before the close of business hours for that day. The board rejected the proposed amendment, for the reason that it had not been certified to them in time.

Thereafter, an action in mandamus was begun to require the board to submit the proposed amendment to the charter at the next general municipal election, which, as stated, would occur on March 8, 1932. The board answered the application for this writ; among other things, alleging that the petition had not been considered by the city council, that the city comptroller had given it inadequate consideration, and that some of the signatures upon the petition had been procured by fraudulent representation.

The cause came on to be heard before the court, a demurrer was sustained to the answer of the board, and an objection was sustained to an offer of testimony in support of the allegations. The court was of the

178

view that a writ of mandamus should be issued, directed to the board, requiring them to submit, at the next general election, the proposed amendment, and entered judgment accordingly; which judgment is presented for our consideration.

The first question is whether the election board of King county received the certified copy of the ordinance in time. Laws of 1923, p. 174, § 6 (Rem. 1927 Sup., § 5148-2), provides that the governing board of any city, town or district,

" . . . shall not less than forty-five (45) days before the date of any election to be held under the provisions of this act, certify to the election board a list of the offices to be filled at such election, and any such governing board, desiring to submit to the voters of such city, town or district any proposition for their approval and adoption, or rejection, at any election to be held under the provisions of this act, shall require the clerk or secretary of such governing board to certify to the election board at least forty-five (45) days before the date of such election such proposition in the form of a ballot title of not to exceed twenty-five (25) words so formed as to enable voters favoring the proposition to vote 'yes' and those opposed thereto to vote 'no'."

The ordinance in question was certified and received by the board on January 23, 1932. The election was to be held March 8, 1932. If March 8th is to be counted as one of the forty-five days, the ordinance was received in time, otherwise not.

The statute above quoted provides that the governing board of the city shall certify to the election board, "at least forty-five (45) days before the date of such election," the proposition to be voted upon. Rem. Comp. Stat., § 150, provides that:

"The time within which an act is to be done, as herein provided, shall be computed by excluding the

first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded.''

It is said that that statute is not applicable to the present situation, but is limited in its application to matters involved in civil proceedings or matters which arise out of some action at law or closely akin thereto. But with this position, we cannot agree. In *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590, speaking with reference to § 150, it was said:

''It is ordinarily held that such statutes fix a general rule for the computation of time, which rule should be followed in order that confusion may be avoided, and that harmony may prevail. [Citing authorities.]''

In *Donaldson v. Winningham,* 62 Wash. 212, 113 Pac. 285, it was held that a notice of application for the appointment of a guardian of an insane defendant, served February 20, to be heard March 2, was served not less than ten days before the time of hearing, under a statute which provided for notice of the application to be given ''not less than ten days before the time so appointed.'' It was there said:

''Next it is said that the time of service was too short. The statute provides (Laws 1903, p. 242), that when an application is made for the appointment of a guardian for an insane person, the court shall cause notice thereof to be given such insane person of the time and place of hearing the application 'not less than ten days before the time so appointed.' In this instance the time appointed for hearing the application was March 2, 1905, and the notice was served on the insane person and upon the person having her in charge, on February 20, 1905. By excluding the first day and including the last in the computation, according to the rule of the statute, the service was made 'at least ten days before' the time of the hearing.''

In *Allen v. Morris,* 87 Wash. 268, 151 Pac. 827, after a thorough review of the authorities, it was said:

180

"Whether these cases are right or wrong, or the rule of the statute should be held to cover only questions of procedure and not notices of sale, are questions that must now be addressed to the legislature. We have accepted the statute as general and comprehensive of all questions involving a computation of time, and announced the rule accordingly."

The certified copy of the ordinance was received by the election board within time under the holding of the cases above cited.

The next question is whether the trial court erred in sustaining a demurrer to the affirmative matter pleaded in the answer of the board and rejecting the offer of proof. Rem. Comp. Stat., § 8963, provides that, on the petition of fifteen per cent of the total number of votes cast at the last preceding election of the qualified voters of any municipality having adopted a charter under the laws of this state,

" . . . asking the adoption of a specified charter amendment, providing for any matter within the realm of local affairs, or municipal business, the said amendment shall be submitted to the voters at the next regular municipal election,"

occurring thirty days or more after the petition is filed. Section 8964 provides that the petition containing the demand for the submission of the proposed charter amendment shall be filed with the city clerk. Section 8965 provides that the act, of which the two preceding sections are a part, shall not be construed to deprive the city council from submitting proposed charter amendments to the voters as is now provided,

" . . . but shall be held to afford a concurrent and additional method for proposing and submitting amendments to the charter of any municipality having a charter."

Section 2 of Article XX of the charter of the city of Seattle covers the matter of amendments to the city charter initiated by petition, and provides that:

"When such proposition shall be presented to the council it shall be the duty of the city clerk to examine and verify all signatures thereto, so far as practicable, from a comparison with the registration lists in his office, and the report of the city clerk thereon shall be made to the council before final action."

The ruling of the trial court in sustaining the demurrer above mentioned and rejecting the offered testimony, is supported by the holding of this court in the case of *State ex rel. Case v. Superior Court,* 81 Wash. 623, 143 Pac. 461, Ann. Cas. 1916B 838.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.