[No. 23811. Department Two. November 30, 1932.]

HAROLD G. SANDAHL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Peyser & Bailey,* for respondent.

[1]Reported in 16 P. (2d) 623.

MAIN, J.—This is an appeal by the department of labor and industries from a judgment of the superior court reversing an order of the department which disallowed the claim of one Harold G. Sandahl.

Sandahl was, on and for a considerable time prior to July 3, 1929, employed by the American Can Company at its plant located in the city of Seattle. On this date, and while in the course of his employment, he was accidentally injured at the plant by falling and striking his right shin on a pile of loose tin plates. He consulted the nurse employed by the can company, and, in addition, personally applied antiseptics and treated the injury.

He continued in his employment until August 15, 1929, at which time he consulted his family physician, who treated him between that date and August 20. During this latter period, Sandahl did not work. Between August 20 and September 10, 1929, he performed his usual duties. He was confined in the hospital from September 10, 1929, to October 2, 1929, at which time he was removed to his home. October 15, 1929, he resumed part time work at his usual employment with the can company. Thereafter, he worked regularly, with the exception of a few days, until August 18, 1930, when he was informed by his physician that the injury had become permanent.

January 30, 1931, the claim for the resultant injury was presented to the department of labor and industries, and rejected because it had not been filed within the time fixed by statute. The facts stated, over which there is no controversy, are substantially those found by the trial court.

The question presented upon this appeal is whether the claim was filed in time; and this depends upon whether the injury occurred at the time the claimant cut his shin by striking a pile of loose tin plates,

or when the physical condition of permanent disability resulted therefrom. To determine the question, it will be necessary to consider the statute of limitations as applied to cases of this kind and the statute defining the word "injury," as they were prior to the year 1927, and the amendments that were made by the legislature to the two statutes at the legislative session of that year.

Rem. Comp. Stat., § 7686, subd. (d), reads as follows:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

By this statute, it was necessary that the claim be filed within one year after the day upon which the "injury occurred or the right thereto accrued."

Section 7675 defines "injury" as follows:

"The words 'injury' or 'injured' as used in this act refer only to an injury resulting from some fortuitous event as distinguished from the contraction of disease."

By this statute, injury was made the result of a "fortuitous event, as distinguished from the contraction of disease." Under those statutes, it was held that the claimant had a year after the disability manifested itself within which to file a claim for compensation, and that he was not obliged to file it within a year after the day on which the accident or event occurred. *Stolp v. Dept. of Labor and Industries,* 138 Wash. 685, 245 Pac. 20; *Fee v. Dept. of Labor and Industries,* 151 Wash. 337, 275 Pac. 741.

The decision in the *Stolp* case was rendered April 15, 1926, and thus prior to the legislative session for the year 1927. At the session of the legislature during

that year, the two statutes, above mentioned, were amended, and, as amended, § 7686 reads as follows:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." Laws of 1927, p. 847, § 6, subd. (d); Rem. 1927 Sup., § 7686.

By this statute, so far as the injured person was concerned, it was necessary that the claim be filed within one year after the day on which the "injury occurred." There were eliminated from the prior statute the words "or the right thereto accrued."

Section 7675, which defined "injury," was amended to read as follows:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom." Laws of 1927, p. 815, § 2; Rem. 1927 Sup., § 7675.

Under the previous statute, as indicated, "injury" was the result of a "fortuitous event," as distinguished from the contraction of a disease. Under the amended statute, "injury" means a "sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom."

When the legislature made the amendments in 1927, it was presumed to have in mind the existing statutory provisions and the judicial construction which had been placed upon them. To discover the legislative intent, the original statutes, and as they read as amended, are to be taken into consideration. 25 R. C. L. 1067; 36 Cyc. 1164; *In re Eichler's Estate,* 102 Wash. 497, 173 Pac. 435. When this is done, it seems plain that, by the statutes, as amended, the legislature intended that

the claim should be filed within one year after the date of the injury, and that this time began to run when there was a "sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, and occurring from without."

In the present case, when the claimant cut his shin on July 3, 1929, there was an injury within the meaning of the statute, and it was necessary that the claim be filed within one year thereafter. From the facts stated, it appears that the claim was not filed for more than a year after this date.

It is said that the purpose of the amendment was to make more clear the intention of the legislature to draw a distinction between injuries which resulted from accident and those which arose from occupational disease. But this, we think, was not the purpose of the legislature. The distinction between accident and occupational disease had, prior to the year 1927, been clearly drawn by the decisions of this court. Had the claim been filed within one year from the date of the injury, then the claimant would have been entitled to compensation for such physical condition as resulted therefrom. To now construe the statutes as permitting a claim to be filed when the physical condition manifests itself and more than one year after the date of the injury, would be to disregard the legislative will, and this the court should not do.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment sustaining the order of the department of labor and industries.

TOLMAN, C. J., STEINERT, HERMAN, and BEALS, JJ., concur.