[No. 28012. *En Banc.* October 14, 1940.]

THE STATE OF WASHINGTON, *Appellant,* v. M. A. LEVESQUE *et al., Respondents.*[1]

*John S. Lynch, Jr.,* and *Levy Johnson,* for appellant.
*J. W. Graham* and *Leonard E. Top,* for respondents.

BEALS, J.—Early on the morning of February 20, 1936, an explosion wrecked a portion of The Olympia Milk Producers' plant, on Cherry street, in the city of Olympia. A few minutes later, a second explosion occurred in the plant of the Sanitary Dairy, on Fourth avenue. Although considerable investigation was made in an attempt to discover the persons responsible for the blasts, no one was charged with any offense in connection with the matter until February 20, 1939, when M. A. Levesque and Joseph Patrico were jointly charged with the crime of endangering life and property by explosives. The charge was laid pursuant to

[1]Reported in 106 P. (2d) 309.

Rem. Rev. Stat., § 2652 [P. C. § 8972], which reads as follows:

"Every person who shall maliciously place any explosive substance or material in, upon, under, against or near any building, car, vessel, railroad track or structure, in such manner or under such circumstances as to destroy or injure the same if exploded, shall be guilty of a felony, and if the circumstances and surroundings are such that the safety of any person might be endangered by the explosion thereof, shall be punished by imprisonment in the state penitentiary for not more than twenty years; and in every other case by imprisonment in the state penitentiary for not more than five years."

On arraignment, the defendants pleaded not guilty, and thereafter filed separate demurrers to the information. Levesque demurred on the ground that the prosecution was not commenced within the time limited by law, and Patrico demurred for this reason, also stating four other grounds for his demurrer. The trial court sustained both demurrers, upon the ground that the prosecution had not been commenced within the time provided by law, and dismissed the proceeding, directing that the defendants be discharged from custody. From this order, the state of Washington has appealed, assigning error upon the sustaining of the demurrers to the information.

Respondent Patrico does not contend that his demurrer should have been sustained on any ground other than the statute of limitations.

Rem. Rev. Stat., § 2005 [P. C. § 9340], governing a charge such as this, reads in part as follows:

"Prosecutions for the offenses of murder and arson, where death insues, may be commenced at any period after the commission of the offense; for offenses the punishment of which may be imprisonment in the penitentiary, within three years after their commission; . . ."

The trial court sustained respondents' demurrers upon the theory that the day of the commission of the crime should be included in computing the three year period of limitation, and that consequently the information was filed one day too late.

Rem. Rev. Stat., § 150 [P. C. § 7435], reads as follows:

"The time within which an act is done, as herein provided, shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded."

This court, in the case of *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590, a suit upon a promissory note, after quoting the statute last above mentioned, held that, in computing the statute of limitations, the day of the execution of the note should be excluded, saying:

"It is ordinarily held that such statutes fix a general rule for the computation of time, which rule should be followed in order that confusion may be avoided, and that harmony may prevail."

The same rule was followed in the case of *Seattle Lumber Co. v. Sweeney,* 33 Wash. 691, 74 Pac. 1001, an action to foreclose a mechanic's lien.

In the case of *Donaldson v. Winningham,* 62 Wash. 212, 113 Pac. 285, it was held that, in a proceeding pursuant to a notice of application for the appointment of a guardian, the day of the giving of the notice should be excluded and the last day included, and that the service had been made "at least ten days before" the time of the hearing.

This rule was followed in the case of *Allen v. Morris,* 87 Wash. 268, 151 Pac. 827, in which this court said:

"We have accepted the statute as general and comprehensive of all questions involving a computation of time, and announced the rule accordingly."

In the case of *State ex rel. Evans v. Superior Court,* 168 Wash. 176, 11 P. (2d) 229, in which the question of the timely filing of a petition for an election upon a proposed amendment to the charter of the city of Seattle was presented, it was argued that the statute now under discussion was not applicable, in that its application should be limited to matters involving civil proceedings, or to actions at law or questions closely related thereto. This court, after citing its prior decisions above referred to, held that the statutory provision applied to the case then before the court.

The general rule is stated in 16 C. J. 230, § 354, as follows:

"In computing the time under a statute requiring a prosecution to be begun within a certain period after the commission of the crime the day on which the crime was committed generally will be excluded, although it has been held that whether the day on which an act is done or an event happens is to be included or excluded depends upon the circumstances and the reason of the thing, so that the intention of the parties may be effected. A statute which declares that the time within which an act is to be done shall be computed by excluding the first day and including the last applies to criminal statutes of limitation, and it has been held that the term 'months' in a statute of limitations means lunar months."

Respondents argue that it should be held that § 150, *supra,* is a portion of the civil code, and does not apply to criminal proceedings, and call attention to the fact that none of the decisions of this court relied upon by appellant is a criminal case. Respondents rely upon the principle that a defendant in a criminal action is entitled to the benefit of any reasonable doubt, and that this rule applies both to matters of law and to matters of fact.

It has frequently become necessary for courts to determine the exact time upon which a period of lim-

itation has commenced to run. A more or less arbitrary rule must be adopted, one way or the other. In computing the period of limitation, either the first day must be included, or it must be excluded. As a practical proposition, it would be very difficult to commence the computation of the period of limitation from the exact moment when the act was done. Often this would not be susceptible of proof. Probably to obviate any such question, the rule was adopted that the day upon which a thing is done is excluded.

Cases from other jurisdictions are cited, both by appellant and by respondents, in some of which in criminal prosecutions the day of the alleged offense was included, while other courts held that it should be excluded.

In view of the history of § 150, as outlined below, we find no occasion to consider the doctrine which respondents contend calls for an affirmance of the ruling of the trial court.

Section 150 first appears as § 486, of the Laws of 1854, p. 219. This section was included within chapter LIII, entitled "Miscellaneous Provisions." Some of the sections contained in this chapter referred to civil actions and others, apparently, to criminal proceedings. This particular provision of the statute was reenacted as § 743, of the Code of 1881, being again included in the chapter (LXIV) entitled "Miscellaneous Provisions." Again this chapter includes a general provision concerning bonds, which apparently refers to bonds in both civil and criminal proceedings, and includes another provision concerning the giving of bail.

It nowhere appears that the section in question was enacted by the territorial legislatures with a view that the same should apply only to civil proceedings. Certainly, it is much more reasonable to suppose that the legislature intended the same rule to apply to civil

and criminal actions, thereby obviating the establishment of two different rules for the computation of time in connection with the operation of statutes of limitation. We find no good reason for holding that the words "as herein provided," contained in the section as enacted in 1854, and again as part of the Code of 1881, apply only to those provisions of the respective codes referring to civil proceedings.

The section was amended by chapter XX, Laws of 1887-8, p. 32, the amendment being immaterial, so far as the question here presented is concerned.

We are convinced that it should be held that Rem. Rev. Stat., § 150, *supra,* applies to prosecutions for infractions of our criminal laws as well as to civil proceedings. In view of our prior decisions, we would be disposed, in any event, to construe the statute as above indicated, but, in consideration of the history of the statutory provision, we are of the opinion that it must be held that the section of the code applies both to civil and criminal proceedings.

The judgment appealed from is accordingly reversed, with instructions to the trial court to overrule the demurrers interposed by respondents.

ALL CONCUR.