[No. 26457-5-I.   Division One.   April 22, 1991.]

HERBERT L. RECTOR, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *A. Craig McDonald, Assistant,* for appellant.

*Donald G. Ryan,* for respondent.

COLEMAN, J.—The Department of Labor and Industries (the Department) appeals (1) from the Superior Court's decision to hear Herbert Rector's motion for reconsideration of the order of summary judgment originally entered in favor of the Department and (2) from the Superior Court's subsequent order for summary judgment in Rector's favor. We reverse.

In 1969 Herbert Rector worked as an ironworker who, in the course of his employment, fell four stories and struck

the back of his head. Rector was unaware of any hearing loss resulting from that fall until early 1986, when he was told by Gordon Thomas, M.D., that he had a complete loss of hearing in his right ear.[1] If he were to testify, Dr. Thomas would state that the 100 percent hearing loss in Rector's right ear was more likely than not due to the trauma from his fall in 1969.

On April 22, 1986, Rector filed his initial claim with the Department for occupational hearing loss. The Department granted Rector an award for a 15 percent loss of hearing in the left ear resulting from occupational disease, but denied any responsibility for the 100 percent hearing loss in the right ear because it was a preexisting condition caused by the 1969 trauma. The Department filed its order on February 17, 1987, and closed the case.

Rector appealed the Department's decision to the Board of Industrial Insurance Appeals (the Board) which affirmed the Department, concluding in its October 18, 1989, decision that Rector's 1986 claim was not timely filed pursuant to RCW 51.28.050. That statute reads as follows:

**Time limitation for filing application or enforcing claim for injury.** No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued, except as provided in RCW 51.28.055 [which specifies the time for filing claims for occupational disease].

RCW 51.28.050.

Thereafter, Rector appealed the Board's decision to the Superior Court, which granted the Department's motion for summary judgment. The court found that Rector did not comply with the 1–year filing requirement for industrial injuries. In so holding, the court considered the definition of "injury" under the act: "'Injury' means a sudden and tangible happening, of a traumatic nature, producing an

---

[1]During the same medical examination, Dr. Thomas also told Rector that he had a 15 percent hearing loss in his left ear not attributable to the 1969 fall, but resulting from occupational disease.

immediate or prompt result, and occurring from without, and such physical conditions as result therefrom." RCW 51.08.100.

After granting Rector's motion for reconsideration, the trial court considered affidavits presented by Rector,[2] his attorney, and Dr. Thomas, along with Rector's emergency room medical record from the day of the accident, and granted Rector's motion for summary judgment. Contrary to its initial findings, the court concluded that the facts of Rector's case could not be distinguished from those in *Crabb v. Department of Labor & Indus.*, 186 Wash. 505, 58 P.2d 1025, 105 A.L.R. 964 (1936) (involving the reopening of an earlier, timely claim); *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014 (1941) (involving the reopening of an earlier, timely claim and an inability of the claimant to have detected the loss sooner); and Leingang v. Department of Labor & Indus., King County cause 86–2–01045–9 (June 27, 1986) (a superior court case, previously heard by the same trial judge, in which the worker failed to file a timely claim but recovered from the Department because he could not have discovered the injury sooner). The Department appeals the court's decision to grant Rector's motion for reconsideration and his motion for summary judgment.[3]

---

[2]Rector mistakenly asserts that the existence of his 1969 medical records indicates that a claim had been filed with the Department. *See Wilbur v. Department of Labor & Indus.*, 38 Wn. App. 553, 556–57, 686 P.2d 509 (1984) (a claimant's mistaken reliance upon a hospital or a physician to file a claim did not excuse the claimant from fulfilling his own duty to file a claim under the act), *review denied*, 103 Wn.2d 1016 (1985).

[3]We note that the trial court erred by considering the three affidavits and the medical report presented by Rector with his motion for reconsideration because those documents were not part of the certified record of the Board as required by RCW 51.52.115. *See also Lunz v. Department of Labor & Indus.*, 50 Wn.2d 273, 275, 310 P.2d 880 (1957) (the jurisdiction of the superior court is limited to issues of law and facts decided by the board). However, even if those documents were properly considered, they were irrelevant to the key issue of this appeal (whether the discovery rule applies to worker's compensation injury claims) and thus are not addressed herein.

The crux of this appeal is whether the statute of limitation for filing a claim for a work–related injury under the workers' compensation act begins to run on the day of the accident or on the day that the worker discovered, or reasonably should have discovered, the injury.

The Department appeals the trial court's decision to adopt the discovery rule for purposes of tolling the 1 year statute of limitation for industrial injuries. Rector concedes that the law does not authorize the use of the discovery rule in workers' compensation injury claims. Nevertheless, he takes the position that the discovery rule should apply for such claims just as it does for various causes of action derived from the common law. He argues that to hold otherwise would deny him *any* recovery, which would be contrary to the Legislature's intent when it created the workers' compensation act.

Prior to the 1927 amendments to the workers' compensation act, Rector would have been correct. At that time, *Stolp v. Department of Labor & Indus.,* 138 Wash. 685, 245 P. 20 (1926) was the prevailing law. *Stolp* involved a worker who filed a claim for a work–related eye injury within 4 months after he lost sight in the eye but not within 1 year after the accident that caused him the injury. *Stolp,* at 686. The act then in effect defined "injury" as "an injury resulting from some fortuitous event as distinguished from the contraction of disease." Rem. Rev. Stat. § 7675. In addition, the act provided that

> [n]o application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued.

Rem. Rev. Stat. § 7686. The *Stolp* court construed the act to mean that a worker "has one year within which to file a claim after the injury has developed which was the result of the fortuitous event." *Stolp,* at 689.

Within a year, the Legislature amended the act so that an injury was defined as "a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt

result, and occurring from without, and such physical condition as results therefrom." Former RCW 51.08.100; Laws of 1927, ch. 310, § 2. In addition, the time limitation for filing a claim for a work–related injury was amended to read:

> No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued.

Former RCW 51.28.050; Laws of 1927, ch. 310, § 6.

Interpreting those legislative changes, *Sandahl v. Department of Labor & Indus.*, 170 Wash. 380, 16 P.2d 623 (1932) held that the claimant's "injury" occurred and the statute of limitation began to run when the claimant fell and injured his shin—the time of the accident—rather than when the physical disability resulted from the accident. *Sandahl*, at 384.

Similarly, in *Ferguson v. Department of Labor and Indus.*, 168 Wash. 677, 13 P.2d 39 (1932), a worker suffered an eye injury from a gas explosion. His first claim to the Department was timely made, although he received no compensation and lost no time from work for the injury diagnosed as "photophobia and running eyes." *Ferguson*, at 678. Five and one–half years later, Ferguson filed a second claim because one of his eyes had to be surgically removed due to the original accident. The Department denied the second claim as untimely and the appellate court agreed, concluding that *Stolp* was no longer viable and that a claimant "must present [a] claim within one year after the day upon which the accident occurred."[4] *Ferguson*, at 681. In sum, an "injury" is not to be distinguished from the accident or event that actually caused it. *Johnson v. Department of Labor & Indus.*, 33 Wn.2d 399, 406, 205 P.2d 896 (1949).

Following *Ferguson* and *Sandahl*, the Supreme Court decided *Crabb v. Department of Labor & Indus.*, 186 Wash. 505, 58 P.2d 1025, 105 A.L.R. 964 (1936) and *Nelson v.*

---

[4]Ferguson's claim was also denied as an application to reopen the earlier claim because the statute of limitation for such an application was 3 years (now 7 years pursuant to RCW 51.32.160).

*Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014 (1941). In *Crabb,* a claimant whose initial, timely claim listed a sprained ankle later sought compensation for a neck injury that resulted from the same accident. The Department rejected the later claim as untimely because the claimant filed it more than 1 year after the accident. The trial court affirmed the Department's ruling but the Supreme Court ultimately reversed, emphasizing that the Legislature specifically enacted the workers' compensation act to ensure that injured workers were adequately compensated. *Crabb,* at 512.

In *Nelson,* the court relied upon *Crabb* to hold that a worker, who had originally filed a timely claim for a fractured ankle, could file a second claim more than 1 year after the accident when he did not discover the accident's disabling effect upon his back until more than 1 year elapsed from the date of the accident. *Nelson,* at 633, 636.

A key fact in the present case distinguishes it from *Crabb* and *Nelson*: Rector failed to file a claim within 1 year after his accident, whereas both Crabb and Nelson did. Immediately after his fall, Rector received medical treatment for his head injury and consequently had a duty to report that accident within 1 year if he wanted to seek compensation from the Department. He did not do so.

██ In addition, Rector argues that under the common law of torts his cause of action could not accrue until his injury became apparent, citing *Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975) and *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). An industrial insurance claim, however, is governed by explicit statutory directives and not by the common law. The Industrial Insurance Act does not require that a worker have evidence of a compensable injury for purposes of filing a claim under the act and, in fact, provides for the reopening of a settled claim if subsequent injuries arise stemming from the original accident if application is "made within seven years from the date the first closing order becomes final[.]" RCW

51.32.160. Hence, the statute of limitation for filing the initial claim for an occupational injury begins to run when the accident occurs and not when the worker discovers an injury.

We reverse the trial court's order of summary judgment and remand with instructions that a judgment of dismissal be entered in favor of the Department.

FORREST and BAKER, JJ., concur.