IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN D. KOVACS, | ) | No. 32473-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | PUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — The Department of Labor & Industries (DLI) appeals the

superior court's reversal of the Board of Industrial Insurance Appeals' (the Board)

decision finding John Kovacs' application for workers' compensation benefits untimely.

DLI contends RCW 51.28.050 bars claims not filed within one year from the date of

injury, arguing Mr. Kovacs filed his application one day late. We agree with DLI, reverse

the superior court, and reinstate the Board's decision.

FACTS

Mr. Kovacs alleged he was injured while working for his employer on September

29, 2010. He filed an application for workers' compensation benefits with DLI on

September 29, 2011.[1] DLI initially allowed his claim but later rejected it as untimely after his employer protested under RCW 51.28.050's one-year statute of limitations. Treating the matter as a motion for summary judgment based on stipulated facts, the Board affirmed DLI's order. Mr. Kovacs appealed to the Spokane County Superior Court. The superior court reversed the Board's decision and found Mr. Kovacs' application for benefits was timely filed. DLI appealed.

## ANALYSIS

The issue is whether Mr. Kovacs' application for benefits was timely filed under RCW 51.28.050. DLI contends Mr. Kovacs had to apply for benefits within one year from the date of his injury, September 29, 2010, and argues his application, filed on September 29, 2011, was one day too late.

RCW 51.28.050 provides: "No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." The language in RCW 51.28.050 is "inflexible," and an untimely application for benefits is void ab initio. *Leschner v. Dep't of Labor & Indus.*, 27 Wn.2d 911, 923-24, 185 P.2d 113 (1947). DLI and Mr. Kovacs disagree on the meaning of the statute. DLI argues RCW 51.28.050 means an application for benefits must be filed within one year from the date of injury. Mr. Kovacs argues RCW 51.28.050 means the one-year time limitation begins on the day after the

---

[1] September 29, 2010, was a Wednesday. September 29, 2011, was a Thursday.

2

injury consistent with RCW 1.12.040, the general counting statute for civil actions. If the statute is ambiguous, we must interpret it.

The facts are stipulated; the question is whether RCW 51.28.050 is reasonably capable of more than one meaning. If so, we review questions regarding statutory interpretation de novo. *Advanced Silicon Materials, LLC v. Grant County*, 156 Wn.2d 84, 89, 124 P.3d 294 (2005). The court's "chief goal in analyzing and applying a statute is to give effect to the legislature's intent, 'and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Id.* (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). When a statute is unambiguous, its meaning is derived from the wording of the statute itself. *O'Keefe v. Dep't of Labor & Indus.*, 126 Wn. App. 760, 766, 109 P.3d 484 (2005).

The Industrial Insurance Act (the Act) is "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries . . . occurring in the course of employment." RCW 51.12.010. All doubts about the Act's meaning are resolved in favor of the injured employee. *Shafter v. Dep't of Labor & Indus.*, 140 Wn. App. 1, 7, 159 P.3d 473 (2007). While courts have the ultimate authority to interpret a statute, substantial weight is given to the Board's interpretation of the Act. *Rose v. Dep't of Labor & Indus.*, 57 Wn. App. 751, 757, 790 P.2d 201 (1990); *see O'Keefe*, 126 Wn. App. at 766 (the Board's significant decisions are nonbinding persuasive authority).

3

The Board's authority directly addressing the issue at hand is the significant decision of *In re Carey*, No. 03 13790 (Wash. Bd. of Indus. Ins. Appeals Mar. 30, 2005). The employee was injured on November 20, 2001, and filed an application for benefits on November 20, 2002. *In re Carey*, No. 03 13790 at 1-2. The *Carey* Board relied principally on *Nelson v. Department of Labor & Industries*, 9 Wn.2d 621, 115 P.2d 1014 (1941), in finding the employee's application untimely under RCW 51.28.050 as it was filed one day late. *In re Carey*, No. 03 13790 at 4-6.

The *Nelson* court stated: "This court has established the rule that the one year period in which the claim must be filed commences to run on the day of the accident." *Nelson*, 9 Wn.2d at 632; *see also Crabb v. Dep't of Labor & Indus.*, 186 Wash. 505, 508, 58 P.2d 1025 (1936) (stating the issue was whether reporting a fall which resulted in a sprained ankle complied with RCW 51.28.040 such that an additional application *after the lapse of one year from the date of injury* for other injuries from the same fall were permitted); *Beels v. Dep't of Labor & Indus.*, 178 Wash. 301, 307, 34 P.2d 917 (1934) (finding a claim for benefits timely if filed *not from within one year from the date of injury to spouse* but rather *within one year from the time of death of a spouse*); *Sandahl v. Dep't of Labor & Indus.*, 170 Wash. 380, 381-84, 16 P.2d 623 (1932) (in determining whether a claim was filed in time, the legislature intended the claim be filed *within one year from the date of the injury*); *Read v. Dep't of Labor & Indus.*, 163 Wn. 251, 252, 1 P.2d 234 (1931) (finding a claim untimely when not presented *within one year from the date of the accident*). While this rule interpreted Rem. Rev. Stat. §

4

7686(d) that provided "[n]o application shall be valid or claim thereunder enforceable unless filed within one year after the day on which the injury occurred or the rights of dependents or beneficiaries accrued," the operative language of RCW 51.28.050 is identical. *Nelson*, 9 Wn.2d at 631-32. Moreover, *Nelson* and the cases cited therein involved a determination of whether the claim was timely filed; thus, contrary to Mr. Kovacs' assertion, the respective discussions regarding when RCW 51.28.050 begins to run are not dicta.

One case, *Wilbur v. Department of Labor & Industries*, 38 Wn. App. 553, 686 P.2d 509 (1984), seems to supports Mr. Kovacs' position. There, Division Two of this court summarily stated the employee, who was injured on August 5, 1977, had to file his claim for benefits "on or before Monday, August 7, 1978 (August 5, 1978, one year after the injury, fell on a Saturday)." *Id.* at 556. But in so stating, the *Wilbur* court did not discuss either RCW 51.28.050 or RCW 1.12.040. Moreover, the issue before the *Wilbur* court was not whether the application was timely filed under RCW 51.28.050; rather, the issue was what the term "filing" meant and/or whether the employee's untimely filing was excused by a rule of law or equity. *Wilbur*, 38 Wn. App. at 556. Thus, it is the language in *Wilbur* that is dictum. The two cases discussing RCW 51.28.050 after the *Wilbur* decision reiterate the rule that the one-year statute of limitations begins to run on the date of the accident. *See Elliott v. Dep't of Labor & Indus.*, 151 Wn. App. 442, 448-50, 213 P.3d 44 (2009) (finding application for benefits untimely where employee who witnessed a coworker die failed to file *within one year*

5

*from the date of the incident* even though the employee's symptoms did not immediately appear); *Rector v. Dep't of Labor & Indus.*, 61 Wn. App. 385, 390-91, 810 P.2d 1363 (1991) (finding application for benefits untimely where employee failed to file a claim *within one year of when the accident occurred*).

Two additional factors strengthen DLI's argument. First, despite the Washington Supreme Court's interpretation of RCW 51.28.050 as starting the limitations period on the day of the injury, the legislature has not changed this language. *See Sandahl*, 170 Wash. at 382-84 (comparing the language of predecessor statute with RCW 51.28.050). When the legislature amends statutes, it is presumed to have acted with knowledge of the existing judicial construction placed on those statutes; where it does not change the statute, the legislature is deemed to have acquiesced to the judicial interpretation. *See id.* at 383-84; *Buchanan v. Int'l Bd. Of Teamsters, Chauffeurs, Warehousemen and Helpers*, 94 Wn.2d 508, 511, 617 P.2d 1004 (1980). Second, statutes with similar language have been interpreted similarly. RCW 25.15.303, which states dissolution of a limited liability company does not affect any claim against that company unless the action "is not commenced *within three years after the effective date of dissolution*," has been interpreted to mean "there is a three-year limitations period *from the date of dissolution* in which to commence suit against a limited liability company." *Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 193, 207 P.3d 1251 (2009) (emphasis added). In relation to retirement benefits, RCW 41.40.200(1)(c) requires an application for a disability retirement allowance from the Public Employees' Retirement

6

System, Plan I be filed *within two years from the date that the injury occurred. See Marler v. Dep't of Ret. Sys.*, 100 Wn. App. 494, 499, 997 P.2d 966 (2000) (stating employee's claim was untimely where he did not file his application within two years of December 6, 1988, the date of injury).

Mr. Kovacs argues RCW 51.28.050 does not control over RCW 1.12.040. RCW 1.12.040 provides: "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded." When two applicable statutes irreconcilably conflict, "the more specific statute will prevail, unless there is legislative intent that the more general statute controls." *Hallauer v. Spectrum Props., Inc.*, 143 Wn.2d 126, 146, 18 P.3d 540 (2001). As RCW 51.28.050 is more specific than RCW 1.12.040 and there is no contrary legislative intent, RCW 51.28.050 prevails.

RCW 51.28.050 unambiguously means Mr. Kovacs had one year to file his application for benefits from the day of his injury, September 29, 2010; his application filed on September 29, 2011, was untimely. A year is "a cycle in the Gregorian calendar having 365 or 366 days divided into 12 months beginning with January and ending with December." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2648 (1993). With September 29, 2010, counted as the first day, the year ends on September 28, 2010.[2]

---

[2] This computation of one year is in accord with the Board's interpretation of a year. *Carey*, No. 03 13790 at 4 ("Each calendar year begins on January 1 and ends on December 31 . . . . [I]n order for an application filed on November 20, 2002, to be timely, the one-year limitation period could not have begun to run until November 21, 2001, the day after the alleged injury."); *accord Irving v. Irving*, 209 Ill. App. 318, 320 (1918) (calculating a year by ascertaining "the day numerically corresponding to that

If we were to accept Mr. Kovacs' argument, we would have to ignore the meaning of "within" found in RCW 51.28.050 and accept a strained interpretation. Plus, we would have to ignore the clear rule stated in *Nelson* that is not dicta.

Nevertheless, Mr. Kovacs argues his claim should be allowed because when there is a doubt as to the meaning of RCW 51.28.050, all doubts about the meaning of the Act are to be liberally construed in favor of the injured worker. *See Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 211, 16 P.3d 583 (2001). "'But it is fundamental that, when the intent of the legislature is clear from a reading of the statute, there is no room for construction.'" *Elliott*, 151 Wn. App. at 450 (quoting *Johnson v. Dep't of Labor & Indus.*, 33 Wn.2d 399, 402, 205 P.2d 896 (1949)). In sum, RCW 51.28.050 requires a worker to file a claim within one year from the day of injury.

Reversed.

_____
Brown, A.C.J.

---

day in the following year . . . and the calendar year expires on that day, less one"); *Charles v. Big Jim Coal Co.*, 237 S.W.2d 68 (Ky. 1951) (claim made on December 10, 1948, was one day too late when cause of action arose on December 10, 1947).

No. 32473-7-III

LAWRENCE-BERREY, J. (concurring) — The lead opinion is correct in reversing the trial court. *Nelson v. Department of Labor & Industries*, 9 Wn.2d 621, 632, 115 P.2d 1014 (1941) explicitly states, "This court has established the rule that the one year period in which the claim must be filed commences to run on the day of the accident." The statutory language interpreted in *Nelson* is the exact same language of today's RCW 51.28.050. As an intermediate court, we are bound by *Nelson*.

I add this concurrence because I disagree with our reliance on the board's significant decision in *In re Carey*, No. 03 13790 (Wash. Bd. of Indus. Ins. Appeals March 30, 2005). It is true that we give deference to an administrative agency's interpretation of the statutes it administers. The purpose (and therefore the limitation) of this deference is explained in *Thurston County v. Cooper Point Association*: "'[I]t is well settled that deference is appropriate where an administrative agency's construction of statutes is within the agency's field of

expertise.'" 148 Wn.2d 1, 15, 57 P.3d 1156 (2002) (quoting *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 61, 959 P.2d 1091 (1998)). Because the statute of limitations is not a field of the Department of Labor and Industries' expertise, we need not give any deference to *Carey*. Rather, we are bound by *Nelson*.

I CONCUR:

_____
Lawrence-Berrey, J.

No. 32473-7-III

FEARING, J. (dissenting) —

*What a difference a day makes. Twenty-four little hours.* "What a Diff'rence a Day Makes!" Dinah Washington hit song (1959).

The Department of Labor and Industries (DLI) ignores a critical word in the controlling statute, snubs a companion statute, promotes old bad dicta rather than new good dicta, and shuns the liberality intended for worker compensation statutes. I would affirm the trial court's ruling and therefore dissent. Principles of statutory construction and the public policy of protecting injured workers compel a ruling that John Kovacs timely filed his worker compensation claim when he filed for benefits on September 29, 2011 for an injury sustained on September 29, 2010.

RCW 51.28.050 controls and imposes a one year statute of limitations for filing a worker compensation claim. The statute reads:

> No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued. . . .

The question on appeal is when did the one year commence to run. Two interpretations compete for dominance. First, "within one year after the day upon which the injury occurred" means the injured worker must apply for benefits on the day before the anniversary of the injury. Second, the statutory language permits an application for

benefits on the anniversary of the injury. The difference lies in whether we count both

the day of the injury and the date of filing an application for benefits.

Based on stray remarks in *Nelson v. Department of Labor & Industries*, 9 Wn.2d

621, 115 P.2d 1014 (1941), DLI argues that RCW 51.28.050 required John Kovacs to file

his claim by September 28, 2011, a day before the anniversary of his injury. In *Nelson*,

our high court wrote:

> This court has established the rule that the one year period in which
> the claim must be filed commences to run on the day of the accident. *Read
> v. Department of Labor & Industries*, 163 Wash. 251, 1 P.2d 234 [1931];
> *Ferguson v. Department of Labor & Industries*, 168 Wash. 677, 13 P.2d 39
> [1932]; *Sandahl v. Department of Labor & Industries*, 170 Wash. 380, 16
> P.2d 623 [1932].

9 Wn.2d at 632. Remarkably, the *Read*, *Ferguson*, and *Sandahl* decisions, upon which

*Nelson* relies, utter no statement that the period runs on the day of the accident. The

*Nelson* language is not only dicta, but specious dicta.

*Wilbur v. Department of Labor & Industries*, 38 Wn. App. 553, 686 P.2d 509

(1984) is the more recent and best dicta. Leroy Wilbur sustained injury in a car accident

on August 5, 1977, while returning from a remote road construction job. He filed his

application for worker compensation benefits on August 8, 1978. DLI and the superior

court denied his claim because DLI did not receive his application within one year. This

court affirmed the dismissal, but wrote:

> In the case at bench, Wilbur's claim had to be filed on or before
> Monday, August 7, 1978 (August 5, 1978, [one] year after the injury, fell
> on a Saturday).

*Wilbur v. Dep't of Labor & Indus.*, 38 Wn. App. at 556. Thus, this court recognized that filing one year later fulfilled the statutory limitation period. Such a reading comes naturally.

DLI argues that *Wilbur v. Department of Labor & Industries* is dicta since the quoted language was not necessary to the case's holding. I readily agree. *Nelson* is also dicta, since the court's ruling that the limitation period started running on the date of the injury contributed nothing to the ruling. In *Nelson v. Department of Labor & Industries*, 9 Wn.2d at 623 (1941), the worker applied for benefits one year and eleven days after the injury. The Supreme Court still ordered payment of benefits.

The cases cited in *Nelson* are the same. In each case, the worker applied beyond the anniversary of the injury. In *Sandahl v. Department of Labor & Industries*, 170 Wash. 380, 16 P.2d 623 (1932), the worker applied for benefits a year and a half after the injury. In *Ferguson v. Department of Labor & Industries*, 168 Wash. 677, 13 P.2d 39 (1932), the worker filed his claim six years after his work injury. In *Read v. Department of Labor & Industries*, 163 Wash. 251, 1 P.2d 234 (1931), the worker applied for benefits four years after his injury. In another case relied on by DLI, *Rector v. Department of Labor & Industries*, 61 Wn. App. 385, 386, 810 P.2d 1363 (1991), the injured laborer filed for benefits seventeen years after the injury.

DLI argues that the Washington legislature amended RCW 51.28.050 after *Nelson v. Department of Labor & Industries* without modifying the statute. DLI argues that the failure to amend the statute equates to the legislature adopting the *Nelson* dicta.

Reenactment on several occasions of the statute can be legislative approval and adoption of a court holding. *Ellis v. Dep't of Labor & Indus.*, 88 Wn.2d 844, 848, 567 P.2d 224 (1977). Nevertheless, I doubt that a busy legislature spent any time reflecting and consciously deciding to approve *Nelson*'s dicta. That is why the rule of statutory interpretation is not one of absolute binding force. *Ellis v. Dep't of Labor & Indus.*, 88 Wn.2d at 848. In *Ellis*, the Supreme Court refused to follow a holding in another *Nelson* worker compensation case, *Nelson v. Industrial Insurance Department*, 104 Wash. 204, 176 P. 15 (1918), despite legislative reenactment of the statute, because of the lack of analysis by the earlier court.

Assuming a legislature's silence is tantamount to approval, the Washington legislature also amended RCW 51.28.050 in 2007, thirteen years after the 1984 *Wilbur* decision. If we follow the rule of parliamentary quietude, the latest silence should control. Under DLI's contention, the Washington legislature adopted the *Wilbur* dicta by its adopting a new version of RCW 51.28.050 in 2007.

RCW 1.12.040 also controls our decision. The statute reads:

> The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded.

RCW 1.12.040 is of general application and applies to statutory time limits. *State ex rel. Earley v. Batchelor*, 15 Wn.2d 149, 130 P.2d 72 (1942); *State v. Levesque*, 5 Wn.2d 631, 635, 106 P.2d 309 (1940); *State ex rel. Evans v. Superior Court*, 168 Wash. 176, 178-79, 11 P.2d 229 (1932); *Allen v. Morris*, 87 Wash. 268, 274, 151 P. 827 (1915).

4

Early in our state's history, our high court accepted the statute as general and comprehensive of all questions involving a computation of time. *State ex rel. Evans v. Superior Court*, 168 Wash. at 180 (1932). DLI argues that RCW 51.28.050 is a specific statute and RCW 1.12.040 is a general statute and thus the former must control over the latter. A specific statute supersedes a general statute. *Johnson v. Cent. Valley Sch. Dist. No. 356*, 97 Wn.2d 419, 428, 645 P.2d 1088 (1982). Such an argument assumes that RCW 51.28.050 contains no ambiguity. John Kovacs's interpretation of the statute is a reasonable interpretation and thus there need not be any inconsistency between RCW 51.28.050 and RCW 1.12.040.

DLI's reading of RCW 51.28.050 ignores a word implanted in the statute. RCW 51.28.050 refers to "one year *after* the day upon which the injury occurred." (Emphasis added.) If the statute read "within one year *of* the day" of injury, DLI's argument would improve. (Emphasis added.) Assuming any ambiguity in the statute, the term "after" should clarify the legislature's intent that filing a claim exactly one year to the day of the injury suffices. "After" connotes that the one year begins to run the day following or "after" the injury. Thus, RCW 51.28.050 is consistent with the general statute RCW 1.12.040. DLI's failure to recognize the word "after" in the statute violates the principle that we interpret statutes to give effect to all the language used. *Cornu-Labat v. Hosp. Dist. No. 2*, 177 Wn.2d 221, 231, 298 P.3d 741 (2013).

To illustrate DLI's strained reading of RCW 51.28.050, I note that DLI wrote in its appeal brief that September 29, 2011 is one year and a day after September 29, 2010.

Br. of Appellant at 18-19. Washingtonians do not think in such terms. September 29,

2011 is one year after September 29, 2010, not a year and a day. If it were otherwise, a

Washingtonian born on December 16 would celebrate her birthday on December 15.

I am mindful of DLI's significant decision, in *In re Carey*, No. 03 13790 (Wash.

Bd. Ins. Appeals Mar. 30, 2005), which rejected a claim filed on the one year anniversary

of the injury. *Carey* should be rejected because the Board of Industrial Insurance

Appeals (Board) based its decision on the bad dicta of *Nelson v. Department of Labor &

Industries*. The Board hypocritically characterized *Wilbur* as mere obiter dictum, while

impliedly proclaiming *Nelson* is something more than dicta. The Board's decision also

failed to analyze the critical word "after" in RCW 51.28.050.

We accord substantial weight to an agency's legal interpretation to the extent that

it falls within the agency's expertise in a special area of the law. *Superior Asphalt &

Concrete Co. v. Dep't of Labor & Indus.*, 84 Wn. App. 401, 405, 929 P.2d 1120 (1996).

The application of a statute of limitations is not within DLI's expertise, nor is a limitation

period a special area of the law. The ultimate authority to interpret a statute rests with the

courts. *Waste Mgmt. of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627-

28, 869 P.2d 1034 (1994).

The Washington legislature enacted the worker compensation act to ensure that

injured workers were adequately compensated. *Rector v. Dep't of Labor & Indus.*, 61

Wn. App. 385, 390, 810 P.2d 1363 (1991). Worker compensation acts are considered

remedial in character, the provisions of which should be construed broadly and liberally

6

in order to effectuate their purpose, which, among other things, is to benefit the working man and woman. *Nelson v. Dep't of Labor & Indus.*, 9 Wn.2d at 628 (1941).

The worker compensation law was particularly framed to avoid legal terminology and the technicalities of law pleading. *Nelson v. Dep't of Labor & Indus.*, 9 Wn.2d at 629. The law was intended so that working people themselves could make and file claims and give the notice of injury without the expense of employing attorneys. *Nelson v. Dep't of Labor & Indus.*, 9 Wn.2d at 629. DLI places a technical construction on RCW 51.28.050 that creates a snare for working people, since DLI's reading conflicts with an interpretation given by a lay person. Litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights. *Stikes Woods Neighborhood Ass'n, v. City of Lacey*, 124 Wn.2d 459, 463, 880 P.2d 25 (1994); *Christensen v. Ellsworth*, 134 Wn. App. 295, 301, 139 P.3d 379 (2006), *rev'd on other grounds*, 162 Wn.2d 365, 173 P.3d 228 (2007).

In *Crabb v. Department of Labor & Industries*, 186 Wash. 505, 58 P.2d 1025 (1936), the claimant fell and sprained his ankle on December 20, 1932. He obtained worker compensation benefits for the injury and DLI closed his claim on March 15, 1933. On July 18, 1934, the claimant petitioned to reopen his claim on the basis that the fall also injured his neck but he was not aware of the neck injury until recently. In deciding whether to direct DLI to reopen the claim, the court needed to choose between two competing rules from other jurisdictions. The court, "[h]aving in mind the well-known

7

spirit and purpose of our industrial insurance act," adopted the liberal view and ordered reopening. *Crabb v. Dep't of Labor & Indus.*, 186 Wash. at 512. Assuming two competing readings of RCW 51.28.050 exist, this court should adopt the liberal view and affirm the trial court.

In the end, this court must fulfill the intent of the Washington State legislature. The court's duty in statutory interpretation is to discern and implement the legislature's intent. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012). Any statute of limitations period is arbitrary in nature, but DLI gives no reason as to why the Washington legislature would wish a rule calculating time to be different in the context of worker compensation law from the general rule found in RCW 1.12.040. DLI forwards no reason why our legislature would demand that an injured worker apply for benefits the day before the anniversary of the injury rather than on the anniversary of the injury.

Many foreign decisions address the statutory language of "within one year" and support this dissent. The Fair Debt Collection Practices Act requires that suit be brought "within one year" of the statute's violation. 15 U.S.C. § 1692k(d). In *Johnson v. Riddle*, 305 F.3d 1107, 1114 -15 (10th Cir. 2002), the court held that a suit filed on the one year anniversary of the violation was timely.

Ohio maintained a statute that allowed a party, whose previous lawsuit was dismissed on grounds other than the merits, to initiate a new action "within one year after" the date of dismissal. In *Schon v. National Tea Co.*, 19 Ohio App. 2d 222, 250 N.E.2d 890 (1969), the court held timely a refiling of the lawsuit on May 11, 1968 after it

8

had been dismissed on May 11, 1967. Three hundred sixty six (366) days elapsed between the dismissal and refiling because of a leap year.

A California statute barred a personal injury suit unless brought "within one year" of the injury. In *Wixted v. Fletcher*, 192 Cal. App. 2d 706, 13 Cal. Rptr. 734 (1961), the plaintiff instituted action on February 5, 1960 to recover damages for personal injuries suffered on defendant's premises on February 5, 1959. The appeals court held the suit to be timely.

Oklahoma adopted a savings statute that required suits to recover real property be filed within one year of the effective date of the statute, April 18, 1949. In *S. J. Sarkeys v. Martin*, 286 P.2d 727 (Okla. 1955), plaintiff filed suit on April 18, 1950. The Oklahoma Supreme Court held the suit timely.

*Rogers v. Etter*, 67 Tenn. 13 (1874) illustrates the timelessness of the timeliness rule advocated by John Kovacs. Under the Tennessee code, a woman could bring suit against a husband's executor "within one year" of discoverture. Eliza Rogers' husband died on November 9, 1869, and she brought suit on November 9, 1870. The Tennessee high court held her suit timely.

I respectfully dissent:

_____
Fearing, J.