IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| ALEKSANDR S. RUMYANTSEV, et al., | ) | |
| | ) | No. 33181-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LABOR AND INDUSTRIES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent(s). | ) | |

KORSMO, J. — Aleksandr Rumyantsev appeals from adverse rulings that determined his two prior industrial injuries did not establish that he suffers from an occupational disease. As the record supports the previous rulings, we affirm.

FACTS

Mr. Rumyantsev was employed in 2010 as a laborer at Huntwood Industries in Spokane. On March 19 and May 13 of that year he received head injuries at work. One was caused when he hit the front of his head on a gluing machine, while the second injury occurred when a co-worker hit the back of his head with a board. On each occasion he received first aid and continued working.

In September 2011, Mr. Rumyantsev stopped working at Huntwood Industries. Shortly thereafter he began seeking medical attention for his deteriorating health. On October 2, 2012, Dr. Lanya Cox saw Mr. Rumyantsev and diagnosed a traumatic brain

injury resulting from one or the other or both of the head injuries. Dr. Cox then helped Mr. Rumyantsev fill out and submit a claim form with the Department of Labor & Industries (DLI), that stated Mr. Rumyantsev suffered from migraines, eye pain, and hearing loss caused by the two head injuries in 2010.

DLI denied Mr. Rumyantsev's claim because more than one year had elapsed following the date of the injury prior to the claim being filed. Mr. Rumyantsev appealed to the Board of Industrial Insurance Appeals (BIIA), arguing that because symptoms did not reveal themselves within one year, his claim should be considered under equitable principles, and, alternatively, that the traumatic brain injury qualified as an occupational disease. He also argued that DLI should have considered excessive noise as the cause of the hearing loss and treated it as an occupational disease. The BIIA rejected these arguments, and Mr. Rumyantsev brought an appeal to the Spokane County Superior Court, maintaining only the occupational disease arguments. The superior court affirmed and he then appealed to this court. A panel considered the case without oral argument.

## ANALYSIS

Mr. Rumyantsev contends that the two workplace accidents caused hearing loss and brain deterioration that should be considered an occupational disease. For different reasons, the two contentions fail.

This court on review will consider the decisions made by the BIIA as presumptively correct; the challenging party bears the burden of establishing the BIIA's

error by a preponderance of the evidence. RCW 51.52.115; *see also Ravsten v. Dep't of Labor & Indus.*, 108 Wn.2d 143, 146, 736 P.2d 265 (1987). Further appeals are limited to determinations whether substantial evidence supports the superior court's findings and whether the court's conclusions of law flow from the findings. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

The superior court entered findings of fact and conclusions of law. Primarily, the court determined the following:

> 1.3 Aleksandr S. Rumyantsev sustained injuries to his head on March 19, 2010, and May 13, 2010, during the course of his employment with Huntwood Industries, a/k/a TRA Industries, Inc.
>
> 1.4 Mr. Rumyantsev did not file a claim with the Department of Labor and Industries for the injuries . . . until May 9, 2013.
>
> 1.5 Mr. Rumyantsev worked as a laborer for TRA industries, Inc., but there was no testimony regarding his specific job duties.
>
> 1.6 The March 19, 2010, and May 13, 2010 injuries to Mr. Rumyantsev's head do not constitute distinctive conditions of employment.
>
> 1.7 Mr. Rumyantsev's condition diagnosed as traumatic brain injury did not arise naturally and proximately out of the distinctive conditions of his employment with TRA Industries, Inc.

Clerk's Papers at 45-46. Based on these determinations, the superior court concluded that Mr. Rumyantsev's traumatic brain injury was not an occupational disease, a determination that rendered his application for benefits untimely.

Apart from finding 1.7, the superior court's findings are essentially uncontested. At no stage has Mr. Rumyantsev ever described his job duties, or detailed any conditions that might naturally give rise to repeated head injuries. Instead, he has simply described two discrete and unrelated accidents, and argues that because the accidents happened at work, they constitute distinct conditions in themselves. His argument begs the question and is without any supporting evidence. The trial court's findings—that Mr. Rumyantsev failed in his burden of establishing distinctive work conditions that gave rise naturally to the claimed disease—are well supported in the record.

On its face, Mr. Rumyantsev's claim was for an industrial injury.[1] The simple fact that symptoms may not have emerged until later cannot bring the claim within the jurisdiction of the DLI and the BIIA. *See Rector v. Dep't of Labor & Indus.*, 61 Wn. App. 385, 810 P.2d 1363 (1991) (finding that hearing loss resulting from head trauma is not an occupational disease); *see also Harry v. Buse Timber & Sales, Inc.*, 166 Wn.2d 1, 9, 201 P.3d 1011 (2009) ("Occupational hearing loss may result from either an industrial accident or continuous exposure to hazardous levels of noise. Noise induced hearing loss is classified as an occupational disease."). Unfortunately, the fact that Mr. Rumyantsev did not file a claim for an industrial injury precludes him from recovery.

---

[1] This fact distinguishes a BIIA decision appellant relies on, *In re Burr*, No. 52,023 (Wash. Bd. of Indus. Ins. Appeals Apr. 18, 1979). There the BIIA accepted the claim as one for occupational disease due to the DLI order. We have no such acceptance in this action.

4

With respect to the hearing loss claim, his argument is precluded by the court's findings and his failure to raise the claim to DLI. As noted above, review is limited to determinations whether factual findings are supported by substantial evidence and whether conclusions of law flow from the findings of fact. Both the BIIA and superior court determined that the claim form did not assert noise induced hearing loss. The claim form indicates hearing loss as a diagnosis, but states only the head injuries as causes. Mr. Rumyantsev cites to nothing in the record indicating a reason that DLI should have treated this as a claim for noise induced hearing loss. Instead, he argues merely that stating a claim for "hearing loss" should have initiated an investigation from DLI to determine the cause of that harm. He has not identified any support for that proposition, nor can we find any.

Additionally, the first time the issue of noise induced hearing loss was raised was on appeal before the BIIA. The BIIA can only consider issues that have already been addressed by DLI. *Leary v. Dep't of Labor & Indus.*, 18 Wn.2d 532, 540-541, 140 P.2d 292 (1943). The BIIA aptly noted that its decision would not prevent Mr. Rumyantsev from filing a separate claim for noise induced hearing loss.[2] Consequently, the superior court's decision is supported by substantial evidence and not contrary to law.

The judgment is affirmed.

---

[2] That decision was issued in May 2014. We do not know if any subsequent claim for hearing loss was ever filed.

No. 33181-4-III

*Rumyantsev v. L&I*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

6