**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUL 14 2016

_Madsen, C.J._
CHIEF JUSTICE

This opinion was filed for record
at 8·00 on July 14 2016

_Susan L. Carlson_

Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN D. KOVACS, | ) | No. 92122-9 |
| Petitioner, | ) | |
| v. | ) | En Banc |
| DEPARTMENT OF LABOR & INDUSTRIES OF STATE OF WASHINGTON, | ) | |
| Respondent. | ) | Filed JUL 14 2016 |

GONZÁLEZ, J.—Applications for workers' compensation benefits must be filed "within one year after the day upon which the injury occurred." RCW 51.28.050. Generally, the day of injury is excluded from time calculations. RCW 1.12.040; CR 6(a). We must decide whether the legislature intended to include the day of injury in calculating the time to file a worker's compensation claim. We conclude it did not. Accordingly, we hold the one-year statute of limitations begins to run the day after the injury and reverse.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FACTS

John Kovacs injured his back while working for Pro Heating & Air Conditioning Inc. on September 29, 2010. Kovacs filed an application for benefits on September 29, 2011. The Department of Labor and Industries initially found that Kovacs qualified for benefits, which he began to receive. Kovacs's employer challenged the award, arguing that Kovacs's application was not timely under *Nelson v. Department of Labor & Industries*, 9 Wn.2d 621, 115 P.3d 1014 (1941). *Nelson* suggested that the statute of limitations for workers' compensation claims began to run the day of injury. *Id.* at 632. In response, the department reversed its decision, rejected the claim, and ordered Kovacs to pay back the benefits already paid to him. Kovacs appealed to the Board of Industrial Insurance Appeals, which affirmed the department's decision that the application was untimely.

Kovacs appealed again to the superior court, which reversed the board's decision, held that Kovacs's claim was "timely within the meaning of RCW 51.28.050," entered judgment for Kovacs, and granted Kovacs's motion for attorney fees. Clerk's Papers at 21-23. By divided opinion, the Court of Appeals reversed the superior court. *Kovacs v. Dep't of Labor & Indus.*, 188 Wn. App. 933, 934, 355 P.3d 1192 (2015). The Court of Appeals concluded that "RCW 51.28.050 unambiguously means Mr. Kovacs

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

had one year to file his application for benefits from the day of his injury,

September 29, 2010; his application filed on September 29, 2011, was

untimely." *Id.* at 939 (citing *Nelson*, 9 Wn.2d 621; *In re Carey*, No. 03

13790, at 4 (Wash. Bd. of Indus. Ins. Appeals Mar. 30, 2005)).

We granted Kovacs's petition for review. *Kovacs v. Dep't of Labor &*

*Indus.*, 184 Wn.2d 1026 (2016).

ANALYSIS

We are asked to determine the meaning of a statute, RCW 51.28.050.

The meaning of a statute is a question of law reviewed de novo. *Dep't of*

*Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)

(citing *State v. Breazeale*, 144 Wn.2d 829, 837, 31 P.3d 1155 (2001)). "The

court's fundamental objective is to ascertain and carry out the Legislature's

intent, and if the statute's meaning is plain on its face, then the court must

give effect to that plain meaning as an expression of legislative intent." *Id.*

at 9-10 (citing *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001)). To

determine this plain meaning, we look to "all that the Legislature has said in

the statute and related statutes which disclose legislative intent about the

provision in question," including existing statutes. *Id.* at 11 (citing 2A

NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 48A:16, at

809-10 (6th ed. 2000)).

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Washington's statute of limitations for filing workers' compensation claims says in relevant part: No application shall be valid or claim thereunder enforceable unless filed within one year *after* the day upon which the injury occurred." RCW 51.28.050 (emphasis added). As a general rule, "[t]he time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded." RCW 1.12.040. Kovacs contends that the general rule applies. The department contends that there is a different rule for workers' compensation claims and that the one-year time limit on workers' compensation claims includes the date of the injury. We must decide whether the legislature intended to treat the statute of limitations for workers' compensation claims differently from other statutes of limitations.

The workers' compensation statute of limitations has not substantially changed since 1911. *See* LAWS OF 1911, ch. 74, §12(d). Read in isolation, it does not clearly establish whether the statute of limitations begins to run on the day of the injury or the next day. Washington's general statute on computing time specifically excludes the date of injury:

> The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

RCW 1.12.040; *see also* CR 6(a) ("In computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."). This statute has also not substantially changed since 1854 and was in force when RCW 51.28.050 was enacted in 1911. *See* LAWS OF 1854, § 486, at 219; LAWS OF 1911, ch. 74, § 12(d). While not determinative, we find this strong evidence that the legislature intended the workers' compensation statute of limitations to begin to run the day after the injury.

The department argues that RCW 1.12.040 is not controlling because it is a general statute. Certainly, if the statute of limitations for a workers' compensation claim plainly started to run the day of injury, the department would be correct. But the workers' compensation statute of limitations does not plainly do that. We find this argument unavailing.

Next, the department argues that we must affirm based on language in a prior case, *Nelson*, 9 Wn.2d 621. Nelson was injured on the job when a tree fell on him, knocking him hard to the ground and breaking his ankle. *Id.* at 623. He promptly and successfully filed a claim for the ankle injury. *Id.* Almost two years later, he sought to reopen the claim, arguing that he had also suffered a back injury in the original accident that had worsened

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

progressively. *Id.* at 625. The *Nelson* case raised two issues: (1) whether an intervening statute, known as the "present jury act," deprived the superior court of jurisdiction and (2) whether the discovery rule applied. *Id.* at 626 (citing LAWS OF 1939, ch. 184, § 1, at 579), 632. We concluded the court could hear the claim and the discovery rule applied. *Id.* at 632-33 (citing *Crabb v. Dep't of Labor & Indus.*, 186 Wash. 505, 58 P.2d 1025 (1936)), 636. In our discussion of the discovery rule, we observed in passing that "[t]his court has established the rule that the one year period in which the claim must be filed commences to run on the day of the accident." *Id.* at 632. The court cited three cases for that proposition: *Sandahl v. Department of Labor & Industries*, 170 Wash. 380, 16 P.2d 623 (1932) (claim filed year and half after injury); *Ferguson v. Department of Labor & Industries*, 168 Wash. 677, 13 P.2d 39 (1932) (claim filed six years after injury); and *Read v. Department of Labor & Industries*, 163 Wash. 251, 1 P.2d 234 (1931) (claim filed five years after injury). But none of these cases "establish the rule" or even discuss whether the statute "commences to run on the day of the accident" as the *Nelson* court seemed to suggest. More importantly, given the issues before the *Nelson* court, its statement that the period commences on the day of the accident is dicta. Neither it nor the cases it relied on turned on whether the statute began to run the day of the accident

6

or the day after. Dictum is not a holding of this court. *See Pierson v. Hernandez*, 149 Wn. App. 297, 305, 202 P.3d 1014 (2009) (quoting *DCR, Inc. v. Pierce County*, 92 Wn. App. 660, 683 n.16, 964 P.2d 380 (1998)).

Relying on *Nelson*, the Washington Board of Industrial Insurance Appeals (Board) also found that the statute of limitations began to run on the day of the injury. *In re Carey*, 2005 WL 1658424, at 2. In *In re Carey*, the Board considered the timeliness of an industrial injury claim. Carey was injured on November 20, 2001 and filed her claim on November 20, 2002. Based on *Nelson*, the Board abandoned years of department precedent and dismissed the claim as untimely. *Id*. at 3-4 (citing *Nelson*, 9 Wn.2d 621). While we give appropriate deference to the Board's expertise in its special area of law, it has no particular expertise in interpreting statutes of limitations and seems to have been led astray by dicta in *Nelson*. *See Superior Asphalt & Concrete Co. v. Department of Labor & Industries*, 84 Wn. App. 401, 405, 929 P.2d 1120 (1996); *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 627-28, 869 P.2d 1034 (1994).

The Court of Appeals, in an opinion that appears to have overlooked the dicta in *Nelson*, concluded that the statute of limitations began to run the day after the injury in *Wilbur v. Department of Labor & Industries*, 38 Wn. App. 553, 556, 686 P.2d 509 (1984). In *Wilbur*, the department rejected the

*Kovacs v. Dep't of Labor & Indus.*, No. 92122-9

claimant's claim on the basis that the application was untimely since it was not filed "within 1 year of the date of the accident." *Id.* at 555. In that case, the claimant was injured on August 5, 1977, and filed his claim on August 8, 1978. *Id.* at 553, 556. The court found that Wilbur's claim had to be filed on or before August 5, 1978, but, since that was a Saturday, he had until Monday, August 7, 1978. *Id.* As a result, the court found that Wilbur was one day too late in filing his claim, one year after the injury. *Id.* Impliedly, the court found that the statute of limitations began to run the day after the injury.

We find the *Wilbur* approach sound. Read in light of the general counting statute and rule, we conclude that the statute of limitations begins to run the day after the injury. *See* RCW 1.12.040; CR 6(a).

We turn now briefly to Kovacs's belated request for attorney fees. Under the Industrial Insurance Act,

> [i]f, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker . . . , a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

RCW 51.52.130(i). Kovacs's employer challenged the department's award of benefits based only on the timeliness of his application. The superior court found the claim was timely filed, reversed the decision to deny

8

*Kovacs v. Dep't of Labor & Indus.*, No. 92122-9

benefits, and awarded attorney fees. Given that the State did not object to the late request for attorney fees, and given that attorney fees were granted to Kovacs at the trial court, Kovacs's request for attorney fees is granted.[1]

CONCLUSION

We hold that the statute of limitations on filing workers' compensation claims begins to run on the date following injury. Accordingly, we reverse the Court of Appeals, reinstate the superior court's decision affirming the timeliness of Kovacs's claim, and remand back to the superior court for any further proceedings necessary consistent with this opinion.

---

[1] At oral argument, counsel suggested that Kovacs's eligibility for benefits is still under review at the department. The record before us demonstrates only a challenge to Kovacs's eligibility for benefits based on the timeliness of his claim. Our attorney fee decision rests on this record. If in fact there is a properly raised challenge to Kovacs's eligibility that is before us, the fee decision may have to be revisited by the trial court, but that issue is not properly before us at this time. *See* RCW 51.52.130(1).

*Kovacs v. Dep't of Labor & Indus.*, No. 92122-9

González, J.

WE CONCUR:

Madsen, C.J. _____    Stephens, J. _____

_____    Wiggins, J. _____

Owens, J. _____    Gordon McCloud, J. _____

Fairhurst, J. _____    Yu, J. _____