# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CALVIN JOHNSON, | No.  53761-3-II |
| Respondent, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Firefighter Calvin Johnson appealed the Department of Labor and Industries' (Department) denial of his claim to reopen his benefits under RCW 51.32.185.[1] Initially the Department denied his claim to reopen under RCW 51.32.185, the presumptive occupational disease statute.  Johnson appealed to the Board of Industrial Insurance Appeals (Board).  The Board reversed the denial and remanded to the Department to grant Johnson's application to reopen his claim.  On appeal of the Board's decision, the superior court affirmed and this order was not appealed.

On remand after the superior court's order, Johnson requested reasonable attorney fees under RCW 51.32.185(9)(a), which the Board denied.  The superior court then reversed the Board's denial, and ordered the Department to pay Johnson's reasonable attorney fees and costs incurred before the Board.  The Department appeals.

---

[1] The legislature amended this statute in 2019.  LAWS OF 2019, ch. 133 § 1.  Because these amendments are not relevant here, we cite to the current version of this statute.

We hold that under the facts presented and the plain language of RCW 51.32.185(9)(a), Johnson's claim to reopen was a claim for benefits entitling him to an award of attorney fees and costs incurred before the Board. Because Johnson is entitled to a fee award, we affirm the superior court's order requiring the Department to pay Johnson reasonable attorney fees and costs incurred before the Board. We also award Johnson reasonable appellate fees and costs as the prevailing party in this appeal.

FACTS

I. BACKGROUND

On April 15, 2015, Johnson had a myocardial infarction, commonly referred to as a heart attack. He had experienced physical exertion and exposure to diesel fumes before the heart attack. After Johnson filed an accident report to open a claim, the Department applied to Johnson's claim the presumption that heart problems arising 72 hours from exposure to fumes or 24 hours from exertion are occupational diseases. It then allowed Johnson's claim under RCW 51.32.185. The Department provided treatment and other benefits to Johnson. The Department then closed Johnson's claim on January 21, 2016, with no permanent or partial disability.

After his claim closed, Johnson had persistent pain symptoms. At first, his doctors thought it was gall bladder pain, and Johnson underwent gall bladder surgery on January 29. AR at 485-87. Johnson continued to have pain after the surgery so he went to the emergency room on February 3. The doctor at the emergency room determined that Johnson had findings consistent with a new myocardial event.

According to Johnson's doctor, the new event did *not* occur within 24 hours of exertion at work or within 72 hours of exposure to fumes. Johnson's doctor believed the 2016 problem was

one that carried forth from his event in 2015, which the doctor did not think had ever resolved. In other words, the doctor believed that the 2016 problem arose from the 2015 event.

## II. JOHNSON'S CLAIM TO REOPEN

On December 13, 2016, Johnson applied to reopen his claim for benefits, arguing that his heart condition had worsened. The Department determined that Johnson's worsening condition was not a proximate result of his occupational disease and denied the application to reopen. Johnson appealed the denial to the Board.

The industrial administrative appeals judge (ALJ) considered whether the heart condition was an aggravation of the occupational disease for which Johnson's original claim had been filed or a new event unrelated to the occupational disease. The ALJ issued a proposed decision and order finding that Johnson's condition after claim closure in January 21, 2016, was an aggravation of the April 2015 event, noting that the "preponderance of the evidence was persuasive that Mr. Johnson's occupational disease worsened and became aggravated after January 21, 2016." Administrative Record (AR) at 212.

The ALJ found that "[t]he objective evidence of worsening of a heart problem, allowed as an occupational disease, was aggravated, as shown by medical evidence, between the terminal dates." AR at 213. The ALJ also found that Johnson had a "second set of stents and objective findings proximately caused by the occupational disease." AR at 213. The ALJ further found that "Mr. Johnson's heart problem, proximately caused by the occupational disease, objectively worsened between January 21, 2016 and May 26, 2017." AR at 213.

3

The Board adopted the ALJ's proposed decision and order, reversed the Department's order denying Johnson's application to reopen his claim, and remanded to the Department to grant his application to reopen the claim.

### III. JOHNSON'S MOTION FOR AN AWARD OF FEES AND THE BOARD'S ORDER

After the Board issued its decision and final order, Johnson filed a motion requesting an award of attorney fees and costs under RCW 51.32.185(9)(a). Johnson argued that this fee provision applied to the appeal denying his application to reopen his claim because his claim is a "claim for benefits" within the meaning of the statute. The Board denied Johnson's motion, ruling that the fee provision only applies to the original claim for benefits, not to a reopened claim.

### IV. THE SUPERIOR COURT'S ORDER

Johnson appealed to the superior court. Johnson filed a motion for summary judgment to reverse the Board's order and award him reasonable attorney fees and costs incurred before the Board. The superior court granted Johnson's motion and ordered the Department to pay Johnson's reasonable attorney fees and costs incurred before the Board. The Department appeals.

### ANALYSIS

### I. STANDARD OF REVIEW

We are asked to interpret sections of the Industrial Insurance Act (IIA).[2] Statutory interpretation is a question of law that we review de novo. *Spivey v. City of Bellevue*, 187 Wn.2d 716, 726, 389 P.3d 504 (2017). "The IIA is remedial in nature, and thus, we must construe it 'liberally . . . in order to achieve its purpose of providing compensation to all covered employees

---

[2] Title 51 RCW.

4

injured in their employment, with doubts resolved in favor of the worker.'" *Spivey*, 187 Wn.2d at 726 (alteration in original) (quoting *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987)). In an IIA appeal, we review the superior court's decision, not the Board's decision. RCW 51.52.140; *Dep't of Labor & Indus. v. Rowley*, 185 Wn.2d 186, 200, 210, 378 P.3d 139 (2016). Whether a statute authorizes an award of attorney fees is a question of law reviewed de novo. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009).

We review a superior court's order on summary judgment order de novo. *Afoa v. Port of Seattle*, 176 Wn.2d 460, 466, 296 P.3d 800 (2013). Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Afoa*, 176 Wn.2d at 466. Here, the parties disagree about the application of RCW 51.32.185(9)(a) to the undisputed facts; thus, our review is de novo. *Bennerstrom v. Dep't of Labor & Indus.*, 120 Wn. App. 853, 858, 86 P.3d 826 (2004).

## II. RCW 51.32.185(9)(a): FEE PROVISION

RCW 51.32.185(9)(a) provides:

> When a determination *involving the presumption* established in this section is appealed to the board of industrial insurance appeals and the *final decision allows the claim for benefits*, the board of industrial insurance appeals shall order that all reasonable costs of the appeal, including attorney fees and witness fees, be paid to the firefighter . . . or his or her beneficiary by the opposing party.

(Emphasis added.)

The fundamental purpose in interpreting a statute is to give effect to the Legislature's intent. *Kovacs v. Dep't of Labor & Indus.*, 186 Wn.2d 95, 98, 375 P.3d 669 (2016). If the statute's meaning is plain, then we must give effect to that plain meaning as an expression of the

Legislature's intent. *Kovacs*, 186 Wn.2d at 98. We discern plain meaning from the ordinary meaning of the language, the context of the statute in which that provision is found, related provisions, and the statutory scheme. *Kovacs*, 186 Wn.2d at 98. The meaning of a statute is determined by its words and by "'all the terms and provisions of the act in relation to the subject of the legislation, the nature of the act, the general object to be accomplished and consequences that would result from construing the particular statute in one way or another.'" *Burns v. City of Seattle*, 161 Wn.2d 129, 146, 164 P.3d 475 (2007) (internal quotation marks omitted) (quoting *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994)).

Under a narrow exception for firefighters, a firefighter is entitled to an award of attorney fees and costs when (1) a "determination involving the presumption" has been appealed and (2) the Board has issued a "final decision [that] allows the claim for benefits." RCW 51.32.185(9)(a). The resolution of this case turns on the interpretation of these two phrases.

The Department argues that the phrase a "determination involving the presumption" means the original claim for benefits involving the presumption because it is at this stage that the Department makes a determination involving the presumption of an occupational disease for a firefighter. The Department then argues that the phrase "the final decision allows the claim for benefits" relates only to the *original* claim for benefits, not a claim to reopen. We disagree with the Department's strained interpretation of the plain language of the statute.

A.  THE APPLICATION TO REOPEN THE CLAIM INVOLVED THE PRESUMPTION IN RCW 51.32.185

1.  Claims "Involving the Presumption"

The Department argues that RCW 51.32.185(9)(a) applies *only* when the Department is determining whether a presumption applies in an *original* claim for benefits.  We disagree as their interpretation is contrary to the plain language of the statute.

At oral argument, the Department agreed that RCW 51.32.185(9)(a) is clear and not ambiguous, so we do a plain language analysis.  But the Department's argument that RCW 51.32.185(9)(a) applies only when the Department is determining whether a presumption applies in an original claim for benefits is contrary to the plain language of the statute.

RCW 51.32.185(9)(a) does not use the term "original claim," "initial claim," or "claim for occupational disease" or any other term limiting its application only to the original claim.  Rather, RCW 51.32.185(9)(a) uses the term "the claim for benefits."  It is well-established that an application to reopen is a claim for benefits. *See Singletary v. Manor Healthcare Corp.*, 166 Wn. App. 774, 783, 271 P.3d 356 (2012) ("The Department enjoys broad subject matter jurisdiction to adjudicate all claims for workers' compensation benefits.  The Department's broad subject matter jurisdiction to adjudicate all workers' compensation claims includes applications to reopen a closed claim." (citation omitted)).

Nowhere in RCW 51.32.185(9)(a) did the legislature restrict its application to only an original claim alleging an occupational disease.  To state otherwise is to inject language into the statute.  It is not the role of the judiciary to do so. *Northwest Animal Rights Network v. State*, 158 Wn. App. 237, 245, 242 P.3d 891 (2010).

Also, the legislature did not use the phrase "determination *of* the presumption," which would be necessary for the Department's interpretation. Rather, the legislature used the broad language of a "determination *involving* the presumption." Thus, contrary to interpreting the plain language of the statute, the Department's argument attempts to change the language of the statute.

Here, the Department is required to make a determination of whether Johnson's claim to reopen should be allowed. That determination requires an inquiry into whether Johnson's current heart condition is or is not an aggravation of his occupational disease to which the presumption applied. Clearly, the Department's determination on Johnson's reopening claim is a "determination involving the presumption."

2. The Final Decision Allowing the Claim for Benefits

The Department argues that RCW 51.32.185(9)(a) applies only to the final decision on the original claim for benefits. But the plain language of RCW 51.32.185(9)(a) only requires that "the final decision allows the claim for benefits." The statute says "the claim for benefits," not "the original claim for benefits," nor "the initial claim for benefits." The Department's interpretation again reads words into the statute.

Here, we have a final Board decision and that decision allows Johnson's claim for benefits based on his application to reopen his claim. Under the plain language of the statute, the Board's decision on Johnson's application to reopen his claim is the "final decision [that] allows the claim for benefits" under RCW 51.32.185(9)(a).

B. ATTORNEY FEE AWARD

In *Spivey*, our Supreme Court noted that the fee subsections of RCW 51.32.185 specifically address attorney fees and costs in "cases involving" the firefighter presumption. 187 Wn.2d at

8

740. This holding is consistent with legislature's intended purpose of RCW 51.32.185, which is to relieve a firefighter of having to prove firefighting caused his or her occupational disease. *Spivey*, 187 Wn.2d at 741-42. Attorney fees and costs are awarded in such cases to guarantee the injured worker adequate legal representation in presenting his or her claim on appeal without a diminution of any award. *Spivey*, 187 Wn.2d at 741. The presumptive disease statute reflects a strong social policy that all doubts resolve in the injured worker's favor. *Spivey*, 187 Wn.2d at 741.

The Department's strained interpretation is not based on the plain language of the statute nor is it consistent with the legislative intent. To refuse to grant Johnson his reasonable attorney fees and costs would result in an inadequate recovery for him. *See Spivey*, 187 Wn.2d at 741. Because the reopened claim "involves the presumption" and there is a "final decision" allowing "the claim for benefits," we hold that Johnson is entitled to an award of reasonable attorney fees and costs under RCW 51.32.185(9)(a).

Accordingly, we hold that under the facts presented and the plain language of RCW 51.32.185(9)(a), Johnson is entitled to an award of reasonable attorney fees and costs incurred, and we affirm the superior court's order requiring the Department to pay Johnson's reasonable attorney fees and costs.

C.  ATTORNEY FEES AND COSTS ON APPEAL

Johnson requests an award of reasonable attorney fees and costs on appeal under RAP 18.1, RCW 51.52.130, and RCW 51.32.185(9)(b). Under RAP 18.1, the prevailing party is entitled to appellate attorney fees and costs when applicable law authorizes the award. *McGuire v. Bates*,

No. 53761-3-II

169 Wn.2d 185, 191, 234 P.3d 205 (2010). Because Johnson prevails on appeal, we grant his request and award him reasonable appellate attorney fees and costs.

CONCLUSION

We hold that under the facts presented and the plain language of RCW 51.32.185(9)(a), Johnson's claim to reopen was a claim for benefits entitling him to an award of attorney fees and costs incurred before the Board. Because Johnson is entitled to a fee award, we affirm the superior court's order requiring the Department to pay Johnson reasonable attorney fees and costs incurred before the Board. We also award Johnson reasonable appellate fees and costs as the prevailing party in this appeal.

SUTTON, J.

We concur:

LEE, C.J.

CRUSER, J.

10