# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JOHN BOGEN, | No.  54656-6-II |
| Appellant, | |
| v. | |
| CITY OF BREMERTON, | PUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — John Bogen appeals from the superior court order dismissing his Public Records Act (PRA)[1] claims against the City of Bremerton (City) for failure to file the complaint within the one-year statute of limitations.  He argues that the superior court erred when it concluded that under RCW 42.56.550(6) the one-year statute of limitations on his PRA claims began to run on the day of the City's final action rather than on the day after the City's final action as required under RCW 1.12.040.

The plain language of RCW 42.56.550(6) considered in conjunction with the related statute, RCW 1.12.040, and with CR 6(a) requires that the computation of the statute of limitations begin the day after the triggering event.  Also, CR 1 requires that the civil rules apply because the PRA action is not a special proceeding.  Therefore, the superior court erred when it dismissed Bogen's PRA claims.  Accordingly, we reverse the order dismissing Bogen's PRA claims and

---

[1] Ch. 42.56 RCW.

remand for further proceedings. And we defer to the superior court to award reasonable attorney fees and costs once Bogen's claims have been resolved.

FACTS

The facts in this case are undisputed. In November 2018, Bogen submitted a public records request to the City. On January 28, 2019, after providing two installments of responsive records, the City notified Bogen that no additional responsive records could be located and that the City considered Bogen's PRA request to be fulfilled and closed. On January 28, 2020, Bogen filed a complaint against the City alleging that the City had violated the PRA on various grounds.

The City moved to dismiss Bogen's PRA claims under CR 12(b)(6), arguing that Bogen had filed the action after the one-year statute of limitations had expired. The City argued that under RCW 42.56.550(6), the statute of limitations began to run on January 28, 2019, the date the City notified Bogen that no additional responsive records existed, rather than the day after that date under the "general counting statute, RCW 1.12.040." Clerk's Papers (CP) at 8. Bogen argued that under RCW 1.12.040 and CR 6(a), the statute of limitations began to run on January 29, 2019, not on January 28, 2019.

The superior court found that under RCW 42.56.550(6), the statute of limitations began to run on January 28, 2019, the day the City notified Bogen that it had fulfilled the PRA request (the triggering event). Accordingly, the court concluded that Bogen's complaint was filed one day after the statute of limitations expired, granted the City's CR 12(b)(6) motion, and dismissed Bogen's PRA claims with prejudice.

Bogen appeals.

ANALYSIS

Bogen argues that RCW 42.56.550(6)'s plain language establishes that the statute of limitations did not begin to run until the day after the triggering event. We agree.[2]

## I. STATUTORY INTERPRETATION

### A. LEGAL PRINCIPLES

We review the superior court's dismissal of an action under CR 12(b)(6) de novo. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Group Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014). This case requires us to determine the meaning of RCW 42.56.550(6). "The construction and meaning of a statute is a question of law that we also review de novo." *Columbia Riverkeeper v. Port of Vancouver USA*, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017).

When interpreting a statute, our goal is to "ascertain and give effect to the legislature's intent." *Columbia Riverkeeper*, 188 Wn.2d at 434. "We determine legislative intent from the meaning of the words at issue, the context of the statute in which the provision at issue is found, related provisions and statutes that bear on the meaning of the language at issue, and the statutory scheme as a whole." *Barton v. Dep't of Transp.*, 178 Wn.2d 193, 222, 308 P.3d 597 (2013).

### B. PLAIN LANGUAGE

RCW 42.56.550(6) provides, "Actions under this section must be filed *within one year of* the agency's claim of exemption or the last production of a record on a partial or installment basis." (Emphasis added). We are asked to resolve what the phrase "within one year of" means.

---

[2] Because we agree that the plain language of RCW 42.56.550(6) and CR 1 establish that the statute of limitations began to run the day after the triggering event, we do not address Bogen's other arguments.

When interpreting RCW 42.56.550(6), we must also look to "related provisions and statutes that bear on the meaning" of this language. *Barton*, 178 Wn.2d at 222. Here, the general counting statute RCW 1.12.040 and CR 6(a), both of which relate to the computation of time periods set out in all civil statutes, are integral to our interpretation of RCW 42.56.550(6). *See Kovacs v. Dep't of Labor & Indust.*, 186 Wn.2d 95, 98-99, 375 P.3d 669 (2016).

RCW 1.12.040 provides, "The time *within which an act is to be done*, as herein provided, *shall be computed by* excluding the first day, and including the last, unless the last day is a holiday, Saturday, or Sunday, and then it is also excluded." (Emphasis added). The "within one year of" language in RCW 42.56.550(6) differs because it sets out the "time within which an act is to be done" as described in RCW 1.12.040, but it does not define how to *compute* that time.[3] Thus, reading RCW 42.56.550(6) together with the related statute, RCW 1.12.040, establishes that the "within one year of" time period stated in RCW 42.56.550(6) must begin the day following the triggering event.

Similarly, CR 6(a) provides, in part, "In *computing* any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." (Emphasis added). Again, the "within one year of" language in RCW 42.56.550(6) establishes a period of time allowed, not how to compute that period of time. Thus, under CR 6(a), the "within one year of" time period stated in RCW 42.56.550(6) does not include the day of the triggering event.

---

[3] The City asserts that the use of different language in RCW 42.56.550(6) demonstrates that the legislature intended to depart from RCW 1.12.040. But RCW 42.56.550(6)'s use of the phrase "within one year of," merely establishes the period "within which an act is to be done" and is not inconsistent with RCW 1.12.040. Thus, the City's argument is not persuasive.

Reading RCW 42.56.550(6) together with the related statute, RCW 1.12.040, and related court rule, CR 6(a), demonstrates that the statute of limitations did not begin to run until the day after the triggering event. Thus, we hold that Bogen timely filed his PRA claims on January 28, 2020, and the superior court erred when it dismissed these claims as untimely filed.

We disagree with the City's arguments to the contrary. First, the City's reliance on *Houston v. Teamsters Local 210, Affiliated Health & Insurance Fund-Vacation Fringe Benefit Fund*, 27 F. Supp. 3d 346 (E.D.N.Y. 2014), which the City asserts demonstrates that "identical phrasing" establishes that the one year time period begins with the agency's action, not the day after the agency's action, is not persuasive. Br. of Resp't at 4. The City fails to acknowledge that we must read RCW 42.56.550(6) in context with other related statutes, including RCW 1.12.040. Additionally, *Houston* involved an employment-related contract that would not have been subject to that same rule of statutory interpretation (assuming such rule existed under New York law).

Second, the City's reliance on *Kovacs*, is also not persuasive. The City argues that *Kovacs* supports its claim that the statute of limitations began to run on the date of the triggering incident. *Kovacs* addressed a worker's compensation claim. 186 Wn.2d at 96. The language at issue was, "No application shall be valid or claim thereunder enforceable unless filed within one year *after* the day upon which the injury occurred." *Kovacs*, 186 Wn.2d at 98 (quoting RCW 51.28.050). Our Supreme Court noted that under general rule RCW 1.12.040, statutes of limitations generally begin to run the day after the triggering event and held that the language in RCW 51.28.050 did not indicate an intent to treat the statute of limitations for workers' compensations claims differently from other statutes of limitations. *Kovacs*, 186 Wn.2d at 101. Thus, the court held that the statute of limitations for the workers' compensation claim began to run the day after the injury.

*Kovacs*, 186 Wn.2d at 99, 101. But the court also stated that if the statute of limitations for the workers' compensation statute had "plainly started" on the day of the injury, RCW 1.12.040 would not be "controlling because it is a general statute," rather than the more specific workers' compensation statute. *Kovacs*, 186 Wn.2d at 99.

The City argues that because RCW 42.56.550(6) plainly states that the statute of limitations begins to run on the date of the triggering event, *Kovacs* demonstrates that RCW 42.56.550(6) controls over the general statute, RCW 1.12.040. We disagree because, as discussed above, RCW 42.56.550(6) does not plainly state that the statute of limitations begins to run on the date of the triggering event because it does not establish how the period of time is to be calculated.

Third, the City argues that using the date of the triggering event as the date the statute of limitation begins to run "is not an anomaly" because the Land Use Petition Act (LUPA)[4] uses the date of the triggering event when referring to time limitations for seeking review. Br. of Resp't at 5. Specifically, citing *Habitat Watch v. Skagit County*, 155 Wn.2d 397, 408, 120 P.3d 56 (2005), the City asserts that our Supreme Court has interpreted the language in RCW 36.70C.040 as meaning that the 21-day statute of limitations in LUPA begins "to run on the date the land use decision is issued." Br. of Resp't at 6. But whether the statute of limitations began to run on or after the date of the triggering event was not at issue in *Habitat Watch* because the action at issue was filed well beyond the 21 day limitation, so this case is not instructive.

Fourth, the City cites *Dotson v. Pierce County*, 13 Wn. App. 2d 455, 469, 464 P.3d 563 (2020), and *Belenski v. Jefferson County*, 186 Wn.2d 452, 460, 378 P.3d 176 (2016), to support its

---

[4] Ch. 36.70C RCW.

assertion that the PRA's statute of limitations begins to run on the date of the triggering event. But neither *Dotson* nor *Belenski* is relevant here. *Belenski* addressed (1) whether the one year statute of limitations in RCW 42.56.550(6) or a "two year catchall statute of limitations [in RCW 4.16.130]" applied to a PRA claim filed well over a year after the agency's final response, and (2) what act triggered the running of the statute of limitations, not how to compute that time. 186 Wn.2d at 457-61. And *Dotson* addressed what act triggered the running for the statute of limitations, not how to compute that time. 13 Wn. App. 2d at 471-72. The courts merely assumed that the statute of limitations began running on the date of the triggering event without any analysis; thus, the references to the statute of limitations beginning to run on the date of the triggering event in these cases is dicta.

## II. CR 1 and CR 81

Furthermore, even if we did not hold that reading RCW 42.56.550(6) together with the related statute and civil rule demonstrates that the statute of limitations did not begin to run until the day after the triggering event, CR 6(a) would still apply under CR 1 and CR 81.[5]

CR 1 and CR 81 provide that unless a statute relates to a "special proceeding," the civil "rules govern the procedure in the superior court in all suits of a civil nature" and "supersede all procedural statutes . . . that may be in conflict." Our Supreme Court has held that PRA actions are *not* special proceedings. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 104-05, 117 P.3d 1117 (2005); *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 716, 261 P.3d 119 (2011). And the computation of the statute of limitations is a

---

[5] At our request, the parties have filed supplemental briefing on this issue.

procedural matter. *Stikes Woods Neighborhood Ass'n v. City of Lacey*, 124 Wn.2d 459, 465, 880 P.2d 25 (1994) ("Although there are both procedural and substantive facets of statutes of limitations, the court's *computation* is purely procedural." (Emphasis added)). Thus, CR 6(a) supersedes any reading of RCW 42.56.550(6) that contradicts CR 6(a).

The City argues that CR 1 does not apply because PRA actions are special proceedings since PRA actions did not exist at common law and were created by the legislature, the test for determining whether actions are "special proceedings" that our Supreme Court announced in *Putman v. Wenatchee Valley Med. Ctr., PS*, 166 Wn.2d 974, 982, 216 P.3d 374 (2009) (holding that medical malpractice claims are not special proceedings exempt from the civil rules). The City further argues that *Rufin v. City of Seattle*, 199 Wn. App. 348, 361, 398 P.3d 1237 (2017), which concluded that the PRA was not a special proceeding, was incorrectly decided.

But in *Spokane Research*, our Supreme Court expressly held that the PRA was *not* a special proceeding. 155 Wn.2d at 104-05. Although *Spokane Research* addressed show cause order requirements and intervenors, not how to compute the statute of limitations, the City cites no authority establishing that a legislative act can be considered a "special proceeding" for some purposes and not for others. And to the extent the City is suggesting that *Spokane Research* would be decided differently under the *Putman* test, our Supreme Court has not overruled *Spokane Research* and we are bound to follow prior Supreme Court decisions. *State v. Hairston*, 133 Wn. 2d 534, 539, 946 P.2d 397 (1997) (Court of Appeals is bound by our Supreme Court's precedent).

Accordingly, we hold that the statute of limitations began to run the day after the triggering event and that the superior court erred when it dismissed Bogen's PRA claims as filed after the statute of limitations had expired.

ATTORNEY FEES AND COSTS ON APPEAL

Bogen requests fees and costs under RAP 18.1 and RCW 42.56.550(4) as the prevailing party. Although Bogen is the prevailing party on appeal, he is not yet entitled to an award of reasonable attorney fees and costs.

RAP 18.1 allows for the award of attorney fees "[i]f applicable law grants to a party the right to recover attorney fees or expenses on review before either the Court of Appeals or Supreme Court." RCW 42.56.550(4) allows for reasonable attorney fees and costs to "[a]ny person who prevails against an agency" in a PRA action. "Where a party has succeeded on appeal but has not yet prevailed on the merits, the court should defer to the trial court to award attorney fees." *Riehl v. Foodmaker, Inc.,* 152 Wn.2d 138, 153, 94 P.3d 930 (2004), *overruled on other grounds by Mikkelsen v. Public Utility Dist. No. 1*, 189 Wn.2d 516, 534-35, 404 P.3d 464 (2017).

Although Bogen has prevailed on this appeal, his PRA claims have not yet been decided on the merits. Accordingly, we defer to the superior court to award reasonable attorney fees and costs once Bogen's claims have been resolved.

CONCLUSION

We hold that the statute of limitations began to run the day after the triggering event and that the superior court erred when it dismissed Bogen's PRA claims as filed after the statute of limitations had expired.  Accordingly, we reverse the order dismissing Bogen's PRA claims and remand for further proceedings.  And we defer to the superior court to award attorney fees and costs once Bogen's PRA claims have been resolved.

SUTTON, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

10