IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CRYSTAL BENSON, | ) | |
| | ) | No. 39881-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROVIDENCE HEALTH & SERVICES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — This appeal concerns the Department of Labor and Industries'
(Department) jurisdiction over a claim filed more than one year after a workplace injury.
We follow Division Two's holding in *Colasurdo v. Esterline Techs. Corp.*, 25 Wn. App.
2d 154, 525 P.3d 610 (2023), affirm the superior court, and award Crystal Benson
attorney fees.

BACKGROUND

On December 14, 2016, Ms. Benson was injured in the course of her employment
at Providence Health and Services of Washington (Providence). Ms. Benson filed an
application for benefits with the Department on December 20, 2019. On January 8, 2020,

Providence completed the Department's claim allowance request. On January 28, 2020, the Department allowed Ms. Benson's claim. Providence did not protest or appeal the Department's order allowing the claim within 60 days. One year and a half later, the Department reversed course and issued an order finding the January 28, 2020 allowance order null and void. On July 1, 2021, the Department denied Ms. Benson's claim on the basis that it was untimely.

Ms. Benson appealed the Department's orders. Thereafter, an industrial appeals judge entered a "Proposed Decision and Order," finding that "the Department did not have subject matter jurisdiction to issue the January 28, 2020, allowance order, which was void the moment it was issued." Clerk's Papers (CP) at 26. Ms. Benson and the Department both petitioned the Board of Industrial Insurance Appeals (Board) for review. The Board denied both petitions and adopted the "Proposed Decision and Order" as the Decision and Order of the Board. CP at 26.

Ms. Benson appealed to the superior court. The superior court reversed the Board's decision and ordered it to reinstate the January 28, 2020, "Department order allowing Ms. Benson's claim." CP at 331. The superior court concluded the Department had "subject matter jurisdiction to issue the 1/28/2020 order allowing Ms. Benson's claim" and that Providence "did not timely protest or appeal" that order. CP at 330. The superior court ordered Providence to pay Ms. Benson's attorney fees and costs.

No. 39881-1-III
*Benson v. Providence Health & Servs.*


Providence timely appeals the superior court's order.

ANALYSIS

On appeal, Providence argues the time limitation contained in RCW 51.28.050 is jurisdictional. Because Ms. Benson filed her claim over one year after her injury, Providence asserts the Department lacked jurisdiction to allow it. Providence also contends Division Two of this court "got it wrong" in *Colasurdo*. Br. of Appellant at 19. Ms. Benson and the Department respond that the time constraint enumerated in RCW 51.28.050 is a statute of limitations. Ms. Benson argues Providence waived its timeliness defense because Providence did not appeal the Department's decision within 60 days.

RCW 51.28.050 provides: "No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." The statute includes two exceptions not relevant here. RCW 51.28.050. It is undisputed that Ms. Benson's claim was filed over one year after her date of injury.

RCW 51.52.050(1) mandates that a copy of the Department's order must be served on "the worker, beneficiary, employer, or other person affected" by the decision. The order must state that it becomes final 60 days after it is communicated to the parties unless an appeal is filed. RCW 51.52.050(1). Providence did not file an appeal within 60 days. Providence posits that a 60-day appeal period is inapplicable because the

3

Department's initial order approving Ms. Benson's claim was void ad initio due to a lack of jurisdiction.

We review questions of law and a trial court's decision on subject matter jurisdiction de novo. *Dougherty v. Dep't of Lab. & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). "Subject matter jurisdiction is the authority to adjudicate the type of controversy at issue." *Marley v. Dep't of Lab. & Indus.*, 125 Wn.2d 533, 544, 886 P.2d 189 (1994). "A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order." *Id.* at 539. "The Department has original and exclusive jurisdiction of all cases involving injured workers." *Colasurdo*, 25 Wn. App. 2d at 158 (citing *Marley*, 125 Wn.2d at 544).

As a preliminary matter, our Supreme Court has found RCW 51.28.050 to be a statute of limitations. *Kovacs v. Dep't. of Lab. & Indus.*, 186 Wn.2d 95, 98, 375 P.3d 669 (2016). "A statute of limitation is merely a time limit on when an action may be commenced; properly understood, it neither confers nor removes subject matter jurisdiction." *Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc.,* 165 Wn.2d 255, 266, 199 P.3d 376 (2008). In *Kovacs,* the Supreme Court referred to RCW 51.28.050 as "Washington's statute of limitations for filing a workers' compensation claim." 186 Wn.2d at 98. The court recognized "[t]he workers' compensation statute of limitations [RCW 51.28.050] has not substantially changed since 1911." *Id.*

4

Notwithstanding *Kovacs*, we proceed to the merits. Division Two recently

decided *Colasurdo*, a case with virtually identical facts. In *Colasurdo*, Mr. Colasurdo

injured his back in the course of his employment with Esterline Technologies Corp.

(Esterline) but did not file a claim for workers' compensation benefits until over one year

after the date of injury had passed. 25 Wn. App. 2d at 157. The Department issued an

order that allowed Mr. Colasurdo's untimely claim. Esterline did not challenge or protest

the appeal until more than three years later. *Id.* In response to Esterline's belated

challenge, the Department issued an order correcting and superseding its past allowance

orders and rejected Mr. Colasurdo's claim. *Id.* Mr. Colasurdo appealed, and the Board

affirmed. *Id.* On appeal to the superior court, the Board's order was reversed. *Id.* The

superior court concluded the Department's order that allowed Mr. Colasurdo's claim

became final and binding after 60 days passed without an appeal from Esterline. *Id.* The

superior court also found the Department had personal and subject matter jurisdiction

over Mr. Colasurdo's untimely claim. *Id.* Esterline appealed to the Court of Appeals.

*Id.* at 157. In affirming the superior court, Division Two analyzed whether *Wheaton v.*

*Department of Labor & Industries.*[1] remained precedential, and whether a late filed, but

allowed claim, was a jurisdictional issue or an error of law. *Colasurdo*, 25 Wn. App. 2d

---

[1] 40 Wn.2d 56, 240 P.2d 567 (1952).

at 154. The court concluded that *Wheaton* was effectively overruled by *Marley* and that the Department had jurisdiction to decide an untimely claim. *Id.* at 160-62.

Providence urges us to depart from *Colasurdo* because the court "got it wrong." Br. of Appellant at 19. Providence also argues that we should rely on *Wheaton* as it still carries precedential value. However, as the court in *Colasurdo* correctly concluded, the reasoning in *Wheaton* has been effectively overruled.

In *Wheaton*, Mr. Wheaton was injured in the course of his employment and filed an application for workers' compensation over one year after the injury. 40 Wn.2d at 56-57. The supervisor granted treatment for Mr. Wheaton and then closed the claim. *Id.* at 57. Mr. Wheaton later applied to reopen the claim for aggravation of the injury, which was granted. *Id.* Mr. Wheaton's employer then filed an untimely appeal of the order. *Id.* The Board reversed the order allowing the claim, and the superior court affirmed. *Id.* On appeal, the Supreme Court held that "the timely filing of the claim is a limitation on the right to receive compensation." *Id.* at 58. Thus, "the allowance of a claim not filed within the statutory time is void *ab initio*" and the Department loses its power to allow the claim. *Id.*

However, over forty years later, in *Marley*, the Supreme Court overruled "*Booth* and the cases which followed to the extent they depart from the Restatement (Second) of Judgments §§ 1, 11 (1982)." 125 Wn.2d at 542 (citing *Booth v. Dep't of Lab. & Indus.*,

189 Wash. 201, 64 P.2d 505 (1937)).  *Wheaton* relied, in part, on *Booth*.  *Wheaton*, 40 Wn.2d at 58.

The *Marley* court also addressed *Fairley v. Department of Labor & Industries*,[2] and concluded *Fairley* and the cases it relied on to be "an incorrect statement of law." *Marley*, 125 Wn.2d at 541.  In *Fairley*, a claimant requested reconsideration of an order after the time for appeal had passed.  29 Wn. App. at 481.  The Board denied the appeal as time barred but the superior court reversed.  *Id.*  On appeal, this court concluded the Department's order was void because it was "outside the statutory mandate." *Id.*  This was also the reasoning used in *Wheaton*.  40 Wn.2d at 58.  The *Marley* court warned against treating an error of law as a jurisdictional issue:

> [Treating an error of law as a jurisdictional flaw] transforms it into one that may be raised belatedly, and thus permits its assertion by a litigant who failed to raise it at an earlier stage in the litigation. The classification of a matter as one of jurisdiction is thus a pathway of escape from the rigors of the rules of res judicata. By the same token it opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment.

125 Wn.2d at 541 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 12, cmt. B (1982)).  The court in *Marley* held that an "order from the Department is void only when the Department lacks personal and subject matter jurisdiction." *Id.* at 542.

---

[2] 29 Wn. App. 477, 627 P.2d 961 (1981).

The court in *Colasurdo* recognized that *Wheaton* was effectively overruled by *Marley*. We agree. In *Colasurdo*, the court noted, "[t]imely filing is necessary for a claim to be allowable, not for it to be adjudicated." 25 Wn. App. 2d at 162. The Department therefore had subject matter jurisdiction to issue a decision, even an erroneous one, on Mr. Colasurdo's claim and, equivalently, Ms. Benson's claim. *Id.*; *see also Marley*, 125 Wn.2d at 544. Had Providence filed a timely appeal, it could have successfully argued that the claim was time barred. Providence failed to do so. As *Colasurdo* recognized, "[b]asic principles of fairness and res judicata would be violated if employers were entitled to retroactively challenge a worker's claim for benefits years after it became final." *Id.* (citing *Dougherty*, 150 Wn.2d at 319).

The Department always had subject matter jurisdiction to decide Ms. Benson's claim because it has "original and exclusive" jurisdiction over workers' compensation claims. *Id.* at 158 (citing *Marley*, 125 Wn.2d at 544). Although we are not bound by the decision of another division of this court, the reasoning in *Colasurdo* is persuasive. *See In re Personal Restraint of Arnold*, 190 Wn.2d 136, 148, 410 P.3d 1133 (2018). We follow Division Two and hold that the Department did not lack subject matter jurisdiction to decide Ms. Benson's claim. Because Providence failed to timely appeal the allowance of Ms. Benson's claim, the order became final, and Providence waived its timeliness defense.

No. 39881-1-III
*Benson v. Providence Health & Servs.*

Providence and Ms. Benson request their attorney fees on appeal. Because

Providence is not the prevailing party, it is not entitled to attorney fees. However, Ms.

Benson is entitled to her attorney fees under RCW 51.52.130.

RCW 51.52.130(1) states, in relevant part:

If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, *or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained*, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

(Emphasis added).

Because we affirm the superior court and Ms. Benson's right to relief is sustained,

she is the prevailing party and entitled to attorney fees.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Cooney, J.

WE CONCUR:

Fearing, J.                                    Pennell, J

9