# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARGARET WEST AND HAROLD R. LONG, | No. 58180-9-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | |
| Respondent. | |

MAXA, J. – Margaret West and Harold Long appeal the superior court's order affirming the reductions made to their workers' compensation disability benefits by the Department of Labor and Industries (DLI). West and Long sustained injuries while working and received disability benefits from DLI. But once they began receiving social security retirement benefits after reaching retirement age, DLI reduced their disability benefits based on RCW 51.32.225.

42 U.S.C § 424a(a) provides that if a person has not yet reached retirement age and is entitled to receive both social security disability benefits and disability benefits under a state workers' compensation plan, the person's social security benefits will be reduced. However, 42 U.S.C. § 424a(d) expressly allows states to adopt a "reverse offset" – reducing workers' compensation benefits by the amount of social security *disability* benefits. Section 424a(d) makes no mention of reverse offsets for social security *retirement* benefits. But RCW

51.32.225(1) provides that for a person receiving workers' compensation benefits for temporary or permanent disability, DLI shall reduce that compensation by the amount of social security *retirement* benefits payable to that person.

The superior court ruled that the federal statute did not preempt RCW 51.32.225(1) and affirmed DLI's reductions of West and Long's disability benefits. West and Long argue that 42 U.S.C. § 424a preempts RCW 51.32.225(1).

We hold that 42 U.S.C. § 424a does not preempt state law in the area of reverse offsets for social security retirement benefits. Accordingly, we affirm the superior court's order.

FACTS

West was born in 1955. In March 2018, she sustained multiple injuries during the course of her employment. West was 63 years old at the time she sustained her injuries.

West filed a claim with DLI for time loss compensation benefits based on her disability, which DLI approved. In April 2019, West became eligible for social security retirement benefits. DLI issued an order that reduced West's disability benefits by the amount of her social security retirement benefits, effective July 1, 2019. And DLI assessed an overpayment in the amount of $4,544.80.

Long was born in 1951. In May 2012, he injured his lower back during the course of his employment. Long was 61 years old at the time of his injury.

Long filed a claim with DLI for time loss compensation benefits based on his disability, which DLI approved. In January 2015, Long became eligible for social security retirement benefits. DLI issued an order that reduced Long's disability benefits by the amount of his social security retirement benefits, effective January 1, 2017. And DLI assessed an overpayment in the amount of $13,073.40.

West and Long separately protested DLI's orders. DLI affirmed both of the initial orders. West and Long separately appealed DLI's decisions before the Board of Industrial Insurance Appeals (BIIA), seeking a determination that DLI did not have the authority to reduce their time loss compensation benefits by the amount of their social security retirement benefits. At the BIIA, the two appeals were consolidated.

The BIIA judge found that DLI was authorized to reduce the time loss compensation by the amount of social security retirement benefits based on RCW 51.32.225 and granted judgment as a matter of law in favor of DLI. The BIIA judge issued a proposed decision and order affirming the initial DLI orders. West and Long filed a petition for review, but the BIIA denied the petition and adopted the proposed decision and order as its final order.

West and Long appealed the BIIA's final order to the superior court. The court affirmed the BIIA's final order that adopted DLI's initial orders for West and Long.

West and Long appeal the superior court's order.

ANALYSIS

A.    STANDARD OF REVIEW

The Industrial Insurance Act (IIA), chapter 51.04 RCW, governs judicial review of workers' compensation decisions. *Smith v. Dep't of Lab. & Indus.*, 22 Wn. App. 2d 500, 506, 512 P.3d 566, *review denied*, 200 Wn.2d 1013 (2022). Under the IIA, we review the superior court's decision and not the BIIA's order. *Id.*; RCW 51.52.140.

We review summary judgment orders de novo. *Sartin v. Est. of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c).

In addition, the superior court's construction of a statute is a question of law, which we review de novo. *Smith*, 22 Wn. App. 2d at 506.

B.      STATUTORY OVERVIEW

      1.    Federal Law

Under the Social Security Act of 1935 (SSA), title 42 U.S.C. chapter 7, a person reaches early retirement age at 62 and any person who turned 62 between December 31, 2004 and January 1, 2017 or December 31, 2016 and January 1, 2022, reaches retirement age at 66 years old. 42 U.S.C. § 416(l)(1)-(2). Under 42 U.S.C. § 423(a), an insured person is entitled to social security disability insurance benefits if they (1) have not reached retirement age, (2) have filed an application for disability insurance benefits, and (3) are under a disability. 42 U.S.C. § 402 covers old age (retirement) and survivor's insurance benefit payments.

In 1965, the federal government passed legislation implementing a federal offset program to avoid discouraging workers who were receiving both federal and state benefits from returning to work. *Harris v. Dep't of Lab. & Indus.*, 120 Wn.2d 461, 466-67, 843 P.2d 1056 (1993). 42 U.S.C § 424a(a) provides that if a person has not yet reached retirement age and is entitled to receive both § 423 disability benefits and disability benefits under a state workers' compensation plan, the total of their § 423 disability and § 402 retirement/survivor's benefits will be reduced if the total federal and state disability benefits exceed the higher of (1) 80 percent of their salary or (2) the total of their § 423 and § 402 benefits.

Section 424a(d) states an exception to the § 424a(a) offset. Under § 424a(d), the § 424a(a) reduction will not be applied if a state workers' compensation law provides that workers' compensation benefits will be reduced by the amount of social security disability benefits the person is entitled to receive. This exception allows states to create a "reverse offset"

4

for social security disability benefits. *Harris*, 120 Wn.2d at 469. The purpose of this exception is to avoid a double offset by federal and state governments. *Id.*

Section 424a(d) allows states to enact a reverse offset for social security *disability* benefits, but that subsection does not reference a reverse offset for social security *retirement* benefits.

42 U.S.C. § 403(b) uses an earnings test to reduce a person's social security benefits if the person is still working and receiving income when receiving those benefits. The Senior Citizens' Freedom to Work Act of 2000 eliminated this reduction for people who reach retirement age. Pub. L. 106-182, §§ 2 to 4(a), 114 Stat. 198, 199 (2000); *see* 42 U.S.C. § 403(f)(8)(E).

2. State Law

Washington enacted a reverse offset provision for *disability* compensation in 1975, which reduces a state worker's *disability* compensation benefits if they are receiving social security benefits. *Harris*, 120 Wn.2d at 467. RCW 51.32.220(1) states,

> For persons receiving compensation for temporary or permanent total disability pursuant to the provisions of this chapter, such compensation shall be reduced by an amount equal to the benefits payable under the federal old-age, survivors, and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 U.S.C. Sec. 424a.

RCW 51.32.220(1) further states that the reduction of disability compensation cannot exceed the amount of the reduction established in 42 U.S.C. § 424a. The reduction applies to workers who reach the age of 65. RCW 51.32.220(7)(c).

In 1986, Washington enacted legislation allowing a worker's disability compensation to be reduced by the amount of social security *retirement* benefits the worker receives. RCW 51.32.225. That statute states in part,

5

(1) For persons receiving compensation for temporary or permanent total disability under this title, the compensation shall be reduced by the department to allow an offset for social security retirement benefits payable under the federal social security, old age survivors, and disability insurance act, 42 U.S.C. This reduction shall not apply to any worker who is receiving permanent total disability benefits prior to July 1, 1986. This reduction does not apply to workers who had applied to receive social security retirement benefits prior to the date of their injury or to workers who were receiving social security benefits prior to their injury.

(2) Reductions for social security retirement benefits under this section shall comply with the procedures in RCW 51.32.220 (1) through (6) and with any other procedures established by the department to administer this section. For any worker whose entitlement to social security retirement benefits is immediately preceded by an entitlement to social security disability benefits, the offset shall be based on the formulas provided under 42 U.S.C. Sec. 424a. For all other workers entitled to social security retirement benefits, the offset shall be based on procedures established and determined by the department to most closely follow the intent of RCW 51.32.220.

RCW 51.32.225. The last sentence of RCW 51.32.225(1) was added in 2018. LAWS OF 2018, ch. 163, § 1.

C.      FEDERAL PREEMPTION OF RCW 51.32.225

West and Long argue that 42 U.S.C. § 424a preempts RCW 52.32.225(1) because § 424a(d) only authorizes states to offset for social security *disability* benefits and not for social security *retirement* benefits. We disagree.

1.    Legal Principles

The Supremacy Clause of the United States Constitution, article VI, clause 2, provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." But we assume that the historic police powers of the states are not preempted by a federal law unless preemption was Congress's clear and manifest purpose. *Waste Mgmt. of Wash., Inc. v. Wash. Utils. & Transp. Comm'n*, 24 Wn. App. 2d 338, 350, 519 P.3d 963 (2022), *review denied*, 1 Wn.3d 1003 (2023).

And we strongly presume against finding federal preemption of state law. *Kincer v. State*, 26 Wn. App. 2d 143, 148, 527 P.3d 837 (2023).

Conflict preemption can occur when either (1) compliance with both federal and state law is impossible, or (2) state law stands as an obstacle to accomplishing the full purposes and objectives of federal law. *Id.* When a federal law forbids an action that state law requires, then compliance is impossible. *Id.* The party claiming preemption has the burden of proof. *Id.* at 149. And we review preemption issues de novo. *Id.*

In *Harris*, our Supreme Court addressed whether 42 U.S.C. § 424a preempted RCW 51.32.225(1). 120 Wn.2d at 468-72. Amicus argued that § 424a(d) only allowed state reverse offsets for social security disability benefits because the section did not mention offsets for social security retirement benefits. *Id.* at 469. But the court held that there was a lack of congressional intent to preempt state law because § 424a contained no clear evidence of such intent. *Id.* at 469-70. And the court "decline[d] to infer preemption from Congress's silence." *Id.* at 470.

In addition, the court held that § 424a did not express an intent to occupy the field of benefits. *Id.* at 471. The fact that § 424a(d) provided for some types of reverse offsets actually indicated "a Congressional interest in sharing the field of benefit coordination." *Id.*

Finally, the court held that RCW 51.32.225(1) was not at odds with the purposes and objectives of federal law because § 424a was "clear evidence of Congress's interest in coordinating benefits to avoid duplication." *Id.*

2.    Analysis

The Supreme Court in *Harris* addressed the same issue West and Long raise here and explicitly held that federal law did not preempt RCW 51.32.225(1). *Id.* However, West and Long argue that *Harris* does not apply here. We disagree.

First, West and Long argue that *Harris* improperly held that § 424a(d) allowed states to offset for social security retirement benefits because that section only provided for states to offset for social security disability benefits. But we are bound by Supreme Court decisions. *Bogen v. City of Bremerton*, 18 Wn. App. 2d 676, 684, 493 P.3d 774 (2021). Therefore, we must follow the Supreme Court's decision in *Harris*.

Second, West and Long argue that the Senior Citizens' Freedom to Work Act of 2000, which amended 42 U.S.C. § 403, rendered *Harris* moot. At the time of the Supreme Court's decision in *Harris*, only people over the age of 70 could continue working without having their social security benefits reduced. *Harris*, 120 Wn.2d at 470. After the 2000 amendment to § 403, anyone who is of retirement age, which is between 65 and 67, can continue working without having their social security benefits reduced. 42 U.S.C. § 403(f)(8)(E); 42 U.S.C. § 416(l)(1)(A)-(E).

The 2000 amendment to § 403 changed the law with respect to the age at which a person can earn income without reducing social security benefits. But the amendment did not change the law regarding reverse offsets for social security benefits. The amendment is unrelated to RCW 51.32.225(1) and so did not render *Harris* moot.

Third, West and Long argue that RCW 51.32.225(1) presents an obstacle to the SSA's objective to assure that retired workers have adequate incomes. Section 403(f)(8)(E) now prohibits a reduction in social security benefits for people who still earn income once they reach retirement age. This provision expresses a specific federal policy regarding the integration of social security benefits and income, while § 424a offers no clear evidence of congressional intent regarding reverse offsets for social security retirement benefits. *Harris*, 120 Wn.2d at 470. Therefore, RCW 51.32.225(1) does not present any obstacle to the SSA's objectives.

West and Long cite to the reference in *Harris* to *Raskin v. Moran*, 684 F.2d 472 (7th Cir. 1982). However, the court in *Harris* held that RCW 51.32.225(1) was not at odds with the objectives of federal law because both § 424a and RCW 51.32.225(1) coordinated benefits to avoid duplication. *Harris*, 120 Wn.2d at 471. In addition, the court did not rely on *Raskin*. The court merely cited to the case in order to distinguish congressional intent between § 403 and § 424a. *Harris*, 120 Wn.2d at 470.

Fourth, West and Long argue that RCW 51.32.225(1) frustrates the purpose of the 2000 amendment to § 403. However, RCW 51.32.225(1) provides for a worker's disability compensation to be reduced by the amount of their social security retirement benefits. The 2000 amendment to § 403 allows people who are of retirement age and receiving social security benefits to continue working without a reduction of their benefits. 42 U.S.C. § 403(f)(8)(E). These statutes address different purposes and both ensure that a person's social security benefits are not being reduced. RCW 51.32.225(1) does not frustrate the purpose of the 2000 amendment to § 403.

Fifth, West and Long argue that the 2018 amendment to RCW 51.32.225(1) indicated the legislature's intent to prohibit reverse offsets for social security retirement benefits. The 2018 amendment to RCW 51.32.225(1) added the sentence, "This reduction does not apply to workers who had applied to receive social security retirement benefits prior to the date of their injury or to workers who were receiving social security benefits prior to their injury." LAWS OF 2018, ch. 163, § 1. But this amendment only prohibits reverse offsets for workers who had already applied

for, or were already receiving, social security retirement benefits and then suffered an injury. RCW 51.32.225(1). It does not suggest that all reverse offsets should be prohibited.[1]

Finally, West and Long argue that RCW 51.32.225(1) contradicts § 424a because RCW 51.32.220(1) states that the required reduction cannot exceed the reduction established in § 424a(a), which only applies to people who have not reached retirement age. RCW 51.32.225(1) does not contain the same age restriction.

RCW 51.32.225(2) requires the reductions of disability compensation to comply with the procedures in RCW 51.32.220(1)-(6). RCW 51.32.220(1) states that the reduction of disability compensation cannot exceed the amount of the reduction established in § 424a. Section 424a(a) requires that social security benefits be reduced if the total of federal and state disability benefits exceeds the higher of (1) 80 percent of a person's salary or (2) the total of a person's § 423 and § 402 benefits.

Section 424a(a) requires that the reduction only apply to people below retirement age. But RCW 51.32.225(2) merely uses the established reduction as a guideline for its own reduction. Although the statutes aim the reduction at different age groups, the two statutes do not contradict one another.

In summary, § 424a shows no clear intent to preempt state law in the area of reverse offsets for social security benefits and therefore RCW 51.32.225 is consistent with federal policy. Accordingly, we hold that § 424a does not preempt RCW 51.32.225(1).

CONCLUSION

We affirm the superior court's order.

---

[1] West and Long also contend that the 2018 amendment to RCW 51.32.225(1) arbitrarily decided whether a person receives a reverse offset. However, they do not explain how this implicates any type of federal preemption.

No. 58180-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, J.

GLASGOW, C.J.

11